# Zug *v.* Searight.    Stuart's Appeal.

*Judgment—Right of subsequent creditor to attack.*

A subsequent judgment creditor has no standing, on the distribution of the proceeds of a sheriff's sale paid into court, to contest the amount of attorney's commissions included in a prior judgment, in the absence of fraud or collusion.

Argued April 25, 1892.    Appeal, No. 129, Jan. T., 1892, by creditor, Jos. A. Stuart, from decree of C. P. Cumberland Co., dismissing appellant's exceptions to auditor's report.    Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

C. P. Humrich was appointed auditor "to make distribution, after passing upon the matters in controversy," of $800, proceeds of sheriff's sale of defendant's property paid into court, said $800 being the amount of attorney's commissions included in a judgment entered on sci. fa. sur mortgage for $24,696.    The agreement as to division of attorney's commissions between counsel for plaintiff and defendant, mentioned below, was made after entry of judgment.    The auditor found there was no collusion.

Exceptions by appellant were dismissed by the court and the report confirmed in an opinion by SIMONTON, P. J., of the 12th judicial district, specially presiding:

" The first question which is raised is, whether Joseph A. Stuart, the exceptant, who is a subsequent judgment creditor, has any standing to contest the validity of the judgment taken upon the Zug mortgage so far as relates to the $800 included therein as the amount to be recovered under the five per cent commission clause in the mortgage.    It is said in McNaughton's Ap., 101 Pa. 550, that ' the general and well-established rule is, that an auditor, in the distribution of money in court, cannot inquire into the validity of a judgment regular on its face ; but it is equally well settled that a collusive judgment may be attacked collaterally by judgment or execution credi-

tors who would otherwise be defrauded thereby. Whenever such a judgment, or the execution issued thereon, thus comes in conflict with the claims of creditors, they may avoid its effect by showing that, as to them, it is a nullity: Dougherty's Est., 9 W. & S. 196; Lewis v. Rodgers, 4 Harris, 18; Thompson's Appeal, 7 P. F. Smith, 175, 178; Second National Bank's Appeal, 4 Norris, 528.' See also Moore v. Dunn, 28 W. N. 63.

" There is no allegation that there was collusion between the plaintiff and defendant, either in the petitions presented on behalf of Joseph A. Stuart, the subsequent judgment creditor, asking the court to open the judgment to let him into a defence as to the $800 in question, or in the petition presented on his behalf, asking that the money be paid into court that it might be distributed by the auditor. The only allegation is, practically, that the amount of $800, included in the judgment, taken on account of commissions, is excessive. Nor has the auditor found that there was any collusion between the plaintiff and the defendant in the scire facies on the mortgage, which led to the addition of this $800 to the amount of the judgment on the mortgage, and we have not been able to find anything in the evidence which would have warranted the finding that there was collusion. Some evidence was introduced for the purpose of showing that the attorneys of the plaintiff and the defendant had some agreement or understanding with respect to a division or appropriation of this commission, but there was no evidence from which the auditor could find, or did find, that there was any agreement or collusion between the plaintiff and the defendant, and it is well settled that the commission, reserved by a clause such as was contained in this mortgage, belongs not to the attorney of the plaintiff, but to the plaintiff, and nothing which might be done with respect to it by the plaintiff's attorney could, without her consent, affect her rights.

[" We are, therefore, clearly of the opinion that the addition of this $800 to the amount due upon the mortgage for debt and interest was not a fraud upon the rights of Joseph A. Stuart, the subsequent judgment creditor, and that he has no standing to dispute the validity of the judgment.] [7]

[" In this state of the case, we do not think the question whether too large a sum was added to the judgment, on account of commissions, is properly before us, or that we are

called upon to express any opinion on this subject.   The defendant, who only could raise this question, has not seen fit so to do, and as the subsequent judgment creditor who has attempted to raise it, has, under the facts found by the auditor, no standing for that purpose, the question is not properly before the court.] [8]

*Errors assigned, inter alia,* were (7, 8) portions of opinion above, quoting them; and (10) confirming auditor's report.

*John Hays* and *H. S. Stuart,* of *Hays, Stuart & Stuart,* for appellant.

*E. W. Biddle,* with him *H. M. Zug* and *M. C. Herman,* for appellee.

PER CURIAM, July 13, 1892.

The only question in this case has been so intelligently discussed by the learned judge who heard it below in his opinion on the exceptions to the auditor's report, that we affirm the decree for the reasons there given by him.

The decree is affirmed and the appeal dismissed at the costs of the appellant.