Keener Estate.

268

Argued November 18, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Carl G. Herr,* for appellant.

*J. David Young,* for appellee.

OPINION PER CURIAM, January 7, 1964:

In this appeal, claimant-appellant asserts that the adjudication and decree of distribution of the Orphans' Court of Lancaster County is erroneous in three aspects: (1) in refusing to award appellant interest on the sum of $6,000 retained by decedent for the appellant since November 12, 1951, (2) in reducing that claim to $2,000 as of January 6, 1961 (by crediting as payment on the claim a $4,000 check of that date, payable to claimant and drawn by her on decedent's account under her power of attorney), and (3) in fail-

ing to award appellant the entire balance of decedent's personal estate pursuant to an alleged oral agreement.

Appellee contends that the court below erred in allowing appellant's $6,000 claim and argues that the claim should have been regarded as satisfied by decedent's $6,000 legacy to appellant. The accountant-appellee filed no exceptions to the adjudication or decree of distribution below, nor did he take an appeal from that decree. This matter is not, therefore, before us, *Huffman Estate (No. 3)*, 349 Pa. 59, 36 A. 2d 640 (1944), and the decision of the orphans' court on this issue is final and conclusive.

We have carefully reviewed the entire record and we are satisfied that the findings of the court below are amply supported by competent and convincing evidence and that appellant's exceptions to the adjudication and decree nisi, dealing with the issues other than the allowance of interest, were properly dismissed. We are, however, of the opinion that the ruling disallowing interest is erroneous.

The court below properly found that $6,000 was due appellant from decedent. This sum represented the unpaid balance on decedent's purchase from appellant of a parcel of real estate, conveyed to him on November 12, 1951.* The record indicates that decedent's retention of the purchase price balance was the result of an arrangement between the parties and that decedent was holding that sum for appellant's benefit. The record is completely silent on whether interest was or was not to be paid on the funds retained, nor does it show that any interest had been paid during decedent's lifetime.

At decedent's death, of his approximately $35,000 personal assets, $17,708.87 was in an interest-bearing

---

* The statute of limitations was not pleaded or otherwise asserted as a defense.

savings account, and $7,350 was invested in a note and mortgage. It is obvious that these investments at interest represented several times the amount retained by decedent and held for appellant. Since these funds earned interest, it would be unfair and inequitable to deny to appellant the benefits which the funds held for her enabled decedent to earn.

While we recognize that the funds invested in the mortgage and note may have returned a higher interest rate than the savings account, we are of the view that, under the circumstances here presented, neither that interest rate nor the full legal rate of interest should be awarded.

We conclude that appellant is entitled to interest on $6,000 from November 12, 1951, to January 6, 1961, and on the remaining $2,000 from that date until distribution, at the same rate of interest earned by decedent's savings account during that period of time.

The court below is directed to enter an appropriate decree of distribution awarding appellant interest as here indicated. The decree of distribution of the court below, as thus modified, is affirmed.

Each party to pay own costs.

