## Scavo v. High Mount Lodge and Cottages, Inc.

*Christie D. Shull,* for plaintiffs.

*Robinson & Hoffner,* for defendant.

WILLIAMS, P. J., May 26, 1970.—This matter comes before the court on exceptions filed to the sheriff's return to an execution sale of the execution debtor's real and personal property.

Identical exceptions were filed by High Mount Lodge and Cottages, Inc., the execution debtor, and Charles J. Gordon, a subsequent judgment lien creditor.

These exceptions are in substance:

1. That the allowance of a five percent attorney's commission to the first mortgage lien creditor was excessive and that a fair allowance would not exceed $500.

2. That the sheriff in his return based his calculation of the five percent attorney commission allowed the mortgagee lien creditors on principal, interest and tax advancement made by said mortgagees and under the law said commission may only be calculated on the actual principal sum due mortgagees.

3. That the sheriff in his return allowed an attorney's fee for collection on the subsequent judgment creditor, Barbara Krawitz' execution against the judgment debtor. This exception is rendered moot by the stipulation filed that this attorney's commission is waived by Barbara Krawitz.

4. That the sheriff was in error in allowing a 10 percent attorney's commission on an execution issued

by Edwin Krawitz on a subsequent judgment held by him against the execution debtor. This objection is rendered moot by the stipulation filed that this attorney's commission is waived by Edwin Krawitz.

The exceptions filed by Charles J. Gordon must be dismissed because, under the law, a subsequent judgment creditor has no standing on the distribution of the proceeds of a sheriff's sale to contest the amount of attorney's commissions included in a prior judgment in the absence of fraud or collusion: Zug v. Searight, 150 Pa. 506; Bucks County Bank and Trust Company v. Frey, 36 D. & C. 2d 382.

Stephen Carbonara, assignee of Lawrence Geiger, a subsequent lien creditor, filed exceptions to allowance of a 10 percent attorney's commissions and $18.25 costs on the execution issued on the Barbara Krawitz judgment which was prior in lien to the Geiger judgment. This exception, as to attorney's commissions, as before stated, is now moot. Moreover, under Zug v. Searight, supra, this judgment creditor had no authority to contest the aforesaid attorney's commission. As to the costs, since the exceptant will be paid in full, debt, interest and costs, he has no reason to complain about the allowance of costs to Barbara Krawitz, and this exception is dismissed.

Carbonara also excepted to the amount of interest allowed the mortgagee lien creditors, but this exception is now moot by reason of the aforesaid stipulation filed setting forth the amount of interest agreed to be due to mortgagee lien creditors.

Edwin Krawitz filed certain objections on January 26, 1968. Since he has been paid in full, he has no standing to object to the schedule of distribution filed by the sheriff. Moreover, these objections were untimely filed and, for the reasons stated, are dismissed.

There remain for consideration by the court the two objections filed by the execution debtor: (a) That a five percent commission is excessive, and (b) That these commissions were improperly calculated, that they should have been calculated only on principal, whereas, in fact, they were calculated on debt, interest and taxes advanced.

We will consider (b) first. We find only one case where this precise question has been ruled upon by a Pennsylvania appellate court. In George P. Steel Iron Co. v. Jacobs, 9 Pa. Superior Ct. 122, the court held that attorney's commissions will be restricted to the debt for which judgment is entered and should be calculated at the stipulated rate on the amount of the principal due. This exception must, on the authority of the above decision, be sustained.

Regarding objection (a): The balance of principal due was $39,138.50. The commission stated in the mortgage and bond is five percent. Thus, the commission would amount to $1,956.92. The execution debtor claims this is excessive.

The percentage allowed is in compliance with the minimum fee bill of the Monroe County Bar Association. The undisputed testimony of counsel for the execution creditor is that the original mortgage instruments provided for a 10 percent attorney's commission; that this was reduced to five percent as a fair measure of what the value of an attorney's service would be in the event of a default by the mortgagor. The officers of the execution debtor were present when this agreement was reached.

The matters to be considered by the court in determining the fair value of an attorney's services are set forth in the opinion of the court in Grier Estate, 31 D. & C. 2d 66, quoting Huffman Estate (no. 3); 349 Pa. 59, 64:

"The things to be taken into consideration in deter-

mining the compensation to be recovered by an attorney are the amount and character of the services rendered, the labor, the time, and trouble involved, the character and importance of the litigation, the amount of money or value of the property affected, the professional skill and experience called for, and the standing of the attorney in his profession; to which may be added the general ability of the client to pay and the pecuniary benefit derived from the services: Hanley v. Waxman, 80 Pa. Superior Ct. 274, 276; Robbins v. Weinstein, 143 Pa. Superior Ct. 307, 314, 17 A.(2d) 629."

Here, we are dealing with a debt in excess of $39,000. The fact that the commission conforms with the standard minimum fee bill adopted by the Monroe County Bar Association and the further fact that the commission percentage finally inserted in the mortgage instrument was agreed upon at the time of insertion to constitute the fair value of an attorney's service in the case of a default in the mortgage terms, in the court's opinion, supports the allowance of the five percent commission. The fee bill represents the composite opinion of lawyers of this county as to the minimum worth of the attorney's services rendered in matters relating to executions. Nothing in contradiction of these opinions appears in the record. It is, moreover, the worth placed upon these services by the parties themselves, not perfunctorily, but after negotiation. Under the circumstances, we are of the opinion that this exception should be dismissed and it is hereby dismissed.

The parties have stipulated that in lieu of an attorney's commission, John J. Pentz, Esq., should be allowed an attorney's fee of $300 as attorney for execution creditor Lawrence Geiger, and this fee is accordingly allowed.

This opinion requires that we restate the schedule

of distribution contained in the sheriff's return, and we do so in manner following:

## Schedule of Distribution

| | | |
|---|---:|---:|
| Amount received from sale of execution debtor's assets .. | $70,000.00 | |
| Refund received from John J. Pentz, Jr., attorney for Stephen A. Carbonara, Assignee of Lawrence Geiger, judgment lien creditor ....... | 95.84 | $70,095.84 |

### Costs

| | | |
|---|---:|---:|
| Costs, corporate taxes, real estate taxes, as itemized in sheriff's Return and to which no objections were filed ... | 4,924.92 | |
| Prothonotary costs, judgment no. 164, Feb. term 1967, not included in sheriff's Return ................. | 11.50 | |
| Prothonotary costs, judgment no. 194, Dec. term 1964, not included in sheriff's Return ................. | 11.50 | |
| Prothonotary costs, judgment no. 368, Feb. term 1967, not included in sheriff's Return ................. | 8.50 | |
| Prothonotary costs, judgment no. 92, Sept. term, not included in sheriff's Return . | 8.50 | |
| Costs of sheriff Edward Metzgar not included in sheriff's Return ................ | 19.05 | $ 4,983.97 |

| | | |
|---|---|---|
| Total amount for distribution to lien creditors . . . . . . . . . | | $65,111.87 |

Which is hereby distributed as follows:

To Albert J. Scavo and Elizabeth R. Scavo, his wife, first mortgage lien creditor

| | | |
|---|---|---|
| Principal amount due . . . . | $39,138.50 | |
| Real estate taxes paid by Mortgagees . . . . . . . . . . . | 909.79 | |
| Interest accrued to date of sale . . . . . . . . . . . . . . . . | 1,086.38 | |
| 5% Attorney's commission for collection . . . . . . . . . | 1,956.92 | $43,091.59 |

To Barbara Krawitz
Judgment lien creditor

| | | |
|---|---|---|
| Principal . . . . . . . . . . . . . . | 8,500.00 | |
| Interest accrued to date of sale . . . . . . . . . . . . . . . . | 957.00 | 9,457.00 |

To Edwin Krawitz
Judgment lien creditor

| | | |
|---|---|---|
| Principal . . . . . . . . . . . . . . | 1,000.00 | |
| Interest accrued to date of sale . . . . . . . . . . . . . . . . | 96.36 | $ 1,096.36 |

To Stpehen A. Carbonara
Assignee of Lawrence A. Geiger, Judgment lien creditor

| | |
|---|---|
| Principal . . . . . . . . . . . . . . | 9,800.00 |
| Interest accrued to date of sale . . . . . . . . . . . . . . . . | 521.07 |
| Attorney's fee in lieu of commissions, per stipulation filed . . . . . . . . . . . . . . . . | 300.00 |

Refund paid to Sheriff, but
not actually owing . . . . . _____95.84_____ 10,716.91

To Charles J. Gordon
Judgment lien creditor
Balance for distribution . . . _____750.01_____ ___750.01___
$65,111.87

Dated May 26, 1970.