## Charles H. PETERSON

### v.

## CROWN FINANCIAL CORPORATION.

### Civ. A. No. 77–3115.

United States District Court,
E. D. Pennsylvania.

Sept. 16, 1980.

---

Michael M. Baylsa, Philadelphia, Pa., for plaintiff.

Stephen A. Cozen, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff instituted this action to recover $363,875.62 which he had paid to defendant under protest in connection with certain loan transactions. On July 20, 1979, I denied defendant's motion for summary judgment and granted, in part, plaintiff's motion for summary judgment, holding (1) that defendant's December 1972 cancellation and surrender of plaintiff's promissory note discharged plaintiff's obligation to pay accrued interest on the note in the amount of $363,875.62, and (2) that plaintiff's payment of that sum, under protest, on January 7, 1976, preserved plaintiff's rights (was not an accord and satisfaction of the contested interest obligation), and was a payment made under duress (to free needed collateral from defendant's control), such that plaintiff was entitled to restitution. See *Peterson v. Crown Financial Corp.*, 476 F.Supp. 1155. My ruling did not deal with plaintiff's claims for interest, attorney's fees, punitive damages and costs. The parties have now briefed the issues, and have asked that I determine those claims on the submitted affidavits and briefs.[1]

---

1. By stipulation, the claim for punitive damages has been dismissed. In addition, plaintiff concedes in his brief that he has found no support for his claim to attorney's fees. He therefore submits his petition for fees "without argument." I cannot conclude that Crown has litigated this case vexatiously or in bad faith, and there would appear to be no other basis

## I

■ There is little serious basis for disputing plaintiff's entitlement to prejudgment interest on the sum which he paid defendant under protest. Whether plaintiff's cause is construed as a claim for restitution, or as one for damages for breach of contract, Pennsylvania law allows, as a matter of right, the recovery of interest on liquidated sums unjustly withheld. See *W. D. Rubright v. International Harvester Co.*, 358 F.Supp. 1388 (W.D.Pa.1973) (restitution); *Palmgreen v. Palmer's Garage*, 383 Pa. 105, 117 A.2d 721 (1955) (architect's fee); *Barium Steel Corp. v. Wiley*, 379 Pa. 38, 108 A.2d 336 (1954) (damages under stock purchase agreements). See generally, Restatement of Restitution § 156; Restatement of Contracts § 337. Such interest is to be computed from the time the liquidated amount was payable and, if a demand is necessary, demanded. *Sun Shipbuilding & Dry Dock v. U. S. Lines, Inc.*, 439 F.Supp. 671 (E.D.Pa.1977). In this case, therefore, interest will be taxed from the date Crown received the disputed interest payment and concurrently received formal notification that plaintiff contested its right to retain the money.[2]

■ What remains to be determined is the rate at which the interest due is to be computed. Plaintiff argues for "money–market rates." During the period in which Crown has wrongfully retained his money, plaintiff has been forced to borrow, paying interest ranging from 8.5% to 12.25%. And while plaintiff has had to borrow, Crown has had the use of the money to make further loans at rates presumably in the neighborhood of the 2½ points above prime which Crown charged plaintiff for the loan which is the root of this litigation. Plaintiff also emphasizes that from January of 1976 to the present–the period during which he has been deprived of his money–the purchasing power of the dollar has decreased more than 29%. Unless a rate of interest is assessed which is steep enough to force Crown to disgorge any profit it has made by the use of plaintiff's money, and to compensate plaintiff for the costs he encountered as a result of Crown's action, Crown will have profited from its wrongful act and plaintiff will remain, despite a judgment on the merits, a substantial loser in the controversy.

There is considerable logic in plaintiff's contention that 2½ points above prime would be a singularly equitable measure of prejudgment interest in this case. It is, however, a contention which appears to be without support in the Pennsylvania cases. "Under Pennsylvania law, six percent is the applicable interest rate in contract–related claims." *Sun Shipbldg. & Dry Dock Co. v. U. S. Lines, Inc.*, supra, at 677 n. 7, citing *Miller v. City of Reading*, 369 Pa. 471, 87 A.2d 223 (1952) ("Whenever one man binds himself to pay a specific sum of money to another by a certain day, and he fails to do so, he becomes liable, by the *law* of this State, to pay interest thereon at the rate of six per cent per annum afterwards, as long as he shall improperly withhold payment

upon which I might allow plaintiff an award of attorney's fees. See *Roadway Express, Inc. v. Piper*, —— U.S. ——, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

**2.** Defendant argues that because of plaintiff's inexcusable delay in commencing this lawsuit, interest should only be awarded from the date this case was filed. Cf. *Venore Transportation Company v. Oswego Shipping Corporation*, 363 F.Supp. 1366 (S.D.N.Y.1973) (admiralty). I do not find that plaintiff was, to any significant extent, dilatory in prosecuting his claim. Plaintiff's initial attempt to recover the disputed payment failed when defendant successfully resisted jurisdiction over its person in the federal district court of Nebraska. See *Peterson v. Crown Financial Corp.*, 435 F.Supp. 901 (Neb.

1977). This case was begun shortly after that case was dismissed.

But even if there were reason to find plaintiff less than diligent in the prosecution of his claim, no adjustment of the date for computing interest would be warranted in the absence of prejudice to defendant. *Cities Service Oil Company v. City of Pittsburgh*, 449 Pa. 481, 297 A.2d 466 (1972). "Since [defendant] benefitted from the use of the ... money ..., it is only fair that [plaintiff] receive simple interest for the period the money was improperly detained." 297 A.2d at 469. *But see Powell v. Retirement Board of Allegheny County*, 431 Pa. 396, 246 A.2d 110 (no interest where delay of 5 years in commencing mandamus action).

thereof ...."). The figure of six per cent is not mystically derived. It is a figure established by the Pennsylvania legislature as the legal rate of interest. It applies in all circumstances where interest would normally be due and a contrary rate has not been established by the parties. 41 P.S.A. § 202. Reference to money market rates as a measure of interest in an action to recover funds unreasonably detained has been rejected by my brother Hannum as unauthorized under Pennsylvania law. *Formigli Corporation v. Fox*, 348 F.Supp. 629 (E.D. Pa.1972).

Suggesting that a more liberal view of the applicable rate of interest prevails in equity, plaintiff attempts to characterize this action as not principally a contract dispute, but one "sounding in restitution," for the recovery of a sum extracted under duress. Although, relying on the rule for interest stated in the Restatement of Restitution § 156,[3] interest has been permitted in certain non–contractual situations, six percent remains the appropriate measure. *Nationwide Mutual Ins. Co. v. Philadelphia Elec. Co.*, 443 F.Supp. 1140 (E.D.Pa.1977).

■ Plaintiff's attempt to draw a distinction between the events of this case, and the usual breach of contract case, is unconvincing. Wrongfully demanding, and in turn accepting, a sum paid under protest, is not conduct persuasively more culpable than refusing to release funds due and owing under a contract. The inequity in the result–allowing the wrongdoer the beneficial use of the funds, at a relatively low rate of interest, and therefore with some net gain as the result of his wrongdoing–is the same. But, however culpable the conduct, and however high the prevailing rate of interest, there is no latitude under Pennsylvania law for the court to impose interest at a rate higher than that established by the Pennsylvania legislature.[4]

Plaintiff will be awarded interest at the rate of six percent per annum from the date of his payment under protest.[5]

## II

Defendant contests plaintiff's right to costs. Federal Rule of Civil Procedure 54(d) provides that:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs
. . .

■ Plaintiff prevailed by way of motion for summary judgment. He is thus a "pre-

---

3. Section 156 of the Restatement of Restitution, provides, in pertinent part, that:

Subject to the rules stated in § 157, a person who has a duty to pay the value of a benefit received, is also under a duty to pay interest upon such value from the time he committed a breach of duty in failing to make restitution if, and only if:
(a) the benefit consisted of a definite sum of money ...
Section 337 of the Restatement of Contracts is a bit more precise in regard to the applicable rate. It provides that, "If the parties have not by contract determined otherwise, *simple interest at the statutory legal rate* is recoverable for breach of contract ...." (emphasis added).

4. There is discretion to set prejudgment interest at a lower rate where the prevailing rate of return is below the legal rate, see *In re Kenin's Trust Estate*, 343 Pa. 549, 23 A.2d 837 (1942), or where other equities make such a result fair, see *In re Keener's Estate*, 413 Pa. 267, 196 A.2d 321 (1964).

5. As noted above, I am not unsympathetic to those considerations of basic fairness and equity which suggest a more flexible rule. And I am not unmindful of the fact that at the currently high money–market rates my ruling appears to create a built–in incentive to withhold sums due, and indeed, to prolong litigation. But these are matters reserved for the Pennsylvania legislature, or perhaps for the state courts; in light of the long–standing practice of the state courts, innovations of the kind sought here are beyond the competence of a federal district court.

It might be added that while there is no Pennsylvania statute expressly tying the "legal rate" to prejudgment interest, 42 Pa.C.S.A. § 8101 establishes that judgments "shall bear interest at the lawful rate from the date of the verdict or award." Interest on federal judgments is, of course, calculated at the state rate. 28 U.S.C. § 1961. It would be at least mildly incongruous to allow prejudgment interest at the presumptively higher money market rates, while assessing interest on the court's judgment at only six percent.

vailing party" within the meaning of the rule. And plaintiff has not "unduly extended or complicated resolution of the issues." *ADM Corp. v. Speedmaster Packaging Corp.*, 525 F.2d 662, 665 (3d Cir. 1975). He will therefore be allowed his costs, those costs to be taxed by the Clerk.