Samuel A. RUSSO, Administrator
of the Estate of Eric B.
Fountain, Plaintiff,

v.

ABINGTON MEMORIAL HOSPITAL HEALTHCARE PLAN c/o Pension Committee, Abington Memorial Hospital and United States Healthcare Systems of Pennsylvania, Inc. a/k/a U.S. Healthcare, Inc. and d/b/a/ HMO of Pennsylvania, Defendants.

Civil Action No. 94–195.

United States District Court,
E.D. Pennsylvania.

March 26, 2003.

Marybeth McCabe, Esquire, Doylestown, PA, for Plaintiff.

Michael F. Kraemer, White & Williams, Philadelphia, PA, Stephen A. Ryan, Bala Cynwyd, PA, for Defendant.

Noreen M. Walsh, Buchanan Ingersoll Professional Corporation, Pittsburgh, PA, for Defendant.

Charles W. Craven, Marshall Dennehey Warner Coleman & Goggin, Marion H. Griffin, Philadelphia, PA, for Cross–Claimant.

Henry F. Siedzikowski, John M. Elliott, Adam B. Krafczek, Jr., Frederick P. Santarelli, Elliott, Reihner, Siedzikowsky and Egan, P.C., Philadelphia, PA, for Cross–Defendant.

## OPINION

POLLAK, District Judge.

This court, by order of August 1, 2002, entered (1) judgment in favor of plaintiff Samuel Russo against defendant U.S. Healthcare ("USH") in the amount of $291,233.05 and (2) judgment of indemnity in favor of third-party plaintiff USH against Abington Memorial Hospital ("AMH") in the amount of $291,233.05.

The opinion accompanying the August 1 order sets out at length the facts underlying this dispute, which arises under the Employee Retirement Income Security Act ("ERISA"). *Russo v. Abington Mem'l Hosp.*, No. 94–195, 2002 WL 1906963 (E.D.Pa. Aug. 1, 2002). By way of summary, the litigation's purpose has been to apportion liability for a hospital bill in the amount of $291,233.05 for services rendered to Eric Fountain, who was stabbed in the heart early in the morning of January 22, 1990, fell into a coma, and died in a nursing facility on September 25, 1990. The disputants are: (1) Albert Einstein Medical Center ("AEMC"), the hospital to which Mr. Fountain was brought immediately after the stabbing and where he remained until March 23, 1990; (2) Mr. Russo, who is the administrator of Mr. Fountain's estate as well as a financial officer of AEMC, suing on AEMC's behalf to recover charges for Mr. Fountain's care; (3) AMH, the hospital at which Mr. Fountain was employed; (4) The Abington Memorial Healthcare Plan ("AMH Plan"), a health insurance plan established and managed by AMH to provide medical coverage for AMH employees; and (5) USH, a health insurance system that provided coverage for AMH employees opting for USH instead of the AMH plan.

Mr. Russo named both AMH Plan and USH as defendants in his amended complaint. USH brought a cross-claim against the AMH Plan and brought AMH into the case by filing a third-party complaint against that entity. In the August 1, 2002 opinion, I found that Mr. Fountain was covered by a policy with USH and entered judgment against USH in favor of Mr. Russo. However, because certain facts had been deemed admitted as between AMH and USH, I also entered judgment that USH should be indemnified in full by AMH.[1]

Since judgment was entered, three motions have been filed with this court: (1) a Motion for Pre-judgment Interest and Attorneys' Fees (Docket # 174) filed by Mr. Russo; (2) a Renewed Motion for Judgment as a Matter of Law or in the Alternative for New Trial (Docket # 175) filed by USH; and (3) a Motion for Entry of Final Judgment Against Defendant [AMH] and to Impose Pre-judgment and Post-judgment Interest (Docket # 180) filed by USH. Each of these motions will be addressed here in turn.

### Plaintiff's Motion for Pre-judgment Interest and Attorneys' Fees

Mr. Russo has asked this court for an award of pre-judgment interest and attorneys' fees. I conclude that an award of pre-judgment interest is appropriate but will deny attorneys' fees. As with the August 1, 2002 judgment for the amount of Mr. Fountain's hospital bill, the interest judgment in favor of Mr. Russo and against USH will be accompanied by a commensurate judgment of indemnity in favor of USH and against AMH.

*Pre-judgment interest*

ERISA does not make an award of interest mandatory, but affords courts the discretion to award pre-judgment interest. *Fotta v. Trs. of United Mine Workers of Am., Health & Ret. Fund of 1974,* 165 F.3d 209, 213 (3d Cir.1998) (finding that 29 U.S.C. § 1132(a)(3)(B) allows a beneficiary to sue for "other appropriate equitable relief," including pre-judgment interest). Here, Mr. Russo seeks an interest award in the amount of $215,512.46, calculated at 6% interest per year for twelve years, four months (the time elapsed between the date USH received the bill for Mr. Fountain's care and the date judgment was entered in favor of Mr. Russo). The plaintiff's motion acknowledges that "[t]he appropriate rate of pre-judgment interest for a health plan participant who was improperly denied coverage has been held to be the adjusted prime rate set by the Secretary of the Treasury under the Internal Revenue Code," but asks this court to instead apply the Pennsylvania statutory rate for ease of calculation. That rate, set forth in 41 P.S. 201 et. seq., is 6%.

An award of pre-judgment interest, Mr. Russo suggests, is appropriate because it has been almost thirteen years since USH first received the bill for Mr. Fountain's hospitalization. USH counters that because Mr. Russo's calculation was based on the 6% Pennsylvania rate, "no proper calculation has been supplied by Plaintiff upon which the Court can award interest," and so the court has insufficient informa-

---

1. As explained by the opinion of August 2002, "[i]n the peculiar circumstances of this case, the applicable procedural rules require this court to give its imprimatur to multiple sets of facts, which, in certain important respects, are not entirely consistent with one another: (1) a set of facts as between plaintiff Russo and defendant USH; (2) a set of facts as between plaintiff Russo and defendant AMH Plan; and (3) sets of facts as between (a) third-party plaintiff USH and third-party defendant AMH, and (b) cross-claimant USH and cross-claim defendant AMH Plan." *Russo v. Abington Mem'l Hosp.,* No. 94–195, 2002 WL 1906963, at *1 (E.D.Pa. Aug. 1, 2002).

tion or basis to provide the relief requested.

I agree with Mr. Russo that pre-judgment interest is appropriate in this case, given the long period of time that elapsed between AEMC's treatment of Mr. Fountain and the judgment rendered. Only by awarding pre-judgment interest can Mr. Russo and AEMC be made whole. *See Fotta*, 165 F.3d at 214 ("We now make explicit that interest is presumptively appropriate when ERISA benefits have been delayed."). There remains, however, the question of what interest rate should be applied. *See Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124 (3d Cir.2000) ("[In *Fotta*, the Third Circuit] did not ... offer extensive guidance for deciding what rate of interest is appropriate in a given case.").

■ I agree with my colleague Judge Van Antwerpen that, when determining the appropriate ERISA pre-judgment interest rate, the "most analogous federal statute" is 28 U.S.C. § 1961, which is the statutory provision for *post*-judgment interest. *Holmes v. Pension Plan of Bethlehem*, No. 98–1241, 1999 WL 179794, *3 (E.D.Pa. Mar. 24, 1999). Therefore, I will employ the federal statutory rate rather than the Pennsylvania rate suggested by Mr. Russo. Section 1961 provides that "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date [on which interest began accruing]." I will enter the monetary judgment for pre-judgment interest upon receiving further submissions detailing the calculation of an appropriate sum based upon the interest rate prescribed by § 1961.

*Attorneys' fees*

■ Like pre-judgment interest, the award of attorneys' fees is discretionary under ERISA. 29 U.S.C. § 1132(g). The Third Circuit has adopted a five-factor test to be considered when deciding whether to award fees:

(1) the degree of the parties' culpability or bad faith;

(2) the ability of the opposing parties to satisfy the fee award;

(3) the deterrent effect of an award of attorneys' fees against the offending parties;

(4) the benefit conferred on members of the pension plan as a whole; and

(5) the relative merits of the parties' positions.

*See Ellison v. Shenango, Inc. Pension Bd.*, 956 F.2d 1268, 1273 (3d Cir.1992).

■ In an effort to make a showing for attorneys' fees under the test, Mr. Russo points out that: (1) USH paid other, lower bills in a timely fashion; (2) USH never refunded premiums; (3) USH is a large solvent corporation; (4) there is a need to deter HMOs from denying legitimate claims; (5) the judgment's effect will be to prevent wrongful denial of claims and so confer a benefit on other members of the plan; and (6) "numerous areas of ERISA ... were decided in this case." USH responds that there "is an utter lack of evidence in this record that any party was motivated by bad faith in disputing responsibility for the medical bills at issue" and so there is no need for a deterrent against future similar behavior. Moreover, suit was brought for the benefit of AEMC, not an ERISA plan, so no plan will benefit by the judgment.

I am of the view that this lawsuit does not present a compelling case for the award of attorneys' fees. At the time it

denied coverage, USH had some information indicating that someone might have inappropriately "switched" Mr. Fountain's health coverage, and I am not persuaded that refusing to cover Mr. Fountain amounts to bad faith under those circumstances. By the same token, there is no showing of conduct that needs to be deterred. Accordingly, I will not award attorneys' fees to Mr. Russo.

*Indemnification*

USH requests in its submission that its indemnification order be adjusted to reflect any award of interest or fees given to Mr. Russo. In response, AMH argues that "[t]o the extent that USH's Response to plaintiff's Motion may be construed as a motion for indemnification against Abington Memorial Hospital, AMH denied that [USH] is entitled" to such because of USH's failure to mitigate its damages. AMH contends that "if the party seeking indemnification is partially at fault, it cannot receive indemnification from another." AMH's argument was rejected by the August 1, 2002 opinion itself, which found that indemnification was appropriate on these facts. Therefore, an indemnification order will be issued against AMH so that USH will recoup the pre-judgment interest awarded to Mr. Russo.

## Defendant USH's Renewed Motion for Judgment as a Matter of Law or in the Alternative for New Trial

In support of its motion for a new trial or judgment as a matter of law, USH argues that this court improperly failed to give weight to facts previously deemed admitted by AMH Plan, that a finding against USH was against the great weight of the evidence, and that USH did not legally waive its right to challenge Fountain's enrollment.

*USH's argument regarding facts deemed admitted*

USH suggests that this court has erred by failing to "give full force and effect" to the matters deemed admitted by order of June 30, 1997. *See Russo v. Abington Mem'l Hosp.*, No. 94–195, 1997 WL 379165 (E.D.Pa. June 30, 1997). Specifically, USH argues that "[s]ubsequent to June 30, 1997, the Court's rulings on summary judgment, its pre-trial rulings on evidentiary matters, the evidence which was allowed to be presented at trial, and the Court's August 2, 2002 opinion, failed to acknowledge that the Plan was deemed to have admitted that [AMH's] self-insured health benefits plan [herinafter referred to as "ALTA"], and not USH, afforded coverage to Mr. Fountain when he was admitted to the hospital on January 22, 1990, and that only later was his coverage 'switched' to USH through collusion." USH's argument must fail, as it seeks to capitalize on facts deemed admitted only as between Mr. Russo and the AMH Plan; USH is an outsider to those facts and may not rely upon them to lessen its own liability.[2] Indeed, the awkwardness of USH's attempt to rely upon facts deemed admitted in favor of Mr. Russo is illustrated by the fact that Mr. Russo himself does not suggest that facts sufficient to allow him to recover from AMH Plan were deemed admitted. The plaintiff's post-trial brief states that "Plaintiff can produce no proof that Fountain was originally enrolled in ALTA and subsequently switched to USH for the reasons stated in his Amended Motion for Summary Judgment." Mr. Russo goes on to frame his theory against the Plan purely in terms of the Plan's failure to execute the USH enrollment properly, not on the basis of ALTA bene-

---

**2.** It is not entirely clear what advantage USH would gain by pressing this issue, since this court determined in its August 1, 2002 opin-

ion—and today reaffirms—that AMH is to indemnify USH for USH's entire liability to Mr. Russo.

fits due. Mr. Russo is the only party entitled to rely upon the facts alleged in his amended complaint that have been deemed admitted by AMH Plan.

*USH's argument regarding verdict against great weight of evidence*

In an alternative argument, USH contends that "the facts overwhelmingly establish that Mr. Fountain was never insured by USH, and that Mr. Fountain's sister Savoria Price and officials at [AMH] falsified records to orchestrate coverage by USH." USH relies primarily upon the business records from both AEMC and USH that suggest coverage was switched from ALTA after Fountain's hospitalization. This court granted Mr. Russo's motion in limine to exclude those records, but, after the trial concluded, admitted the evidence into the record.

USH argues that the evidence suggesting that ALTA coverage never existed was weak, based on "speculation from witnesses such as Ms. Price regarding when she filled out enrollment forms, what plan was selected, and how such enrollment forms were processed and completed." USH goes on to contend that the court "gave no proper deference to the computer notes from AEMC, which the witnesses at trial never refuted," and that "USH was severely prejudiced because it was unable to use this evidence to cross-examine every witness who offered testimony relied upon by the Court in concluding that Mr. Fountain was enrolled in USH."

The August 2002 opinion more than adequately explains that I found credible the testimony that back-dating did not occur here, and describes the set of facts that most probably led to the computer records indicating otherwise. Moreover, as Mr. Russo points out in his response to the instant motion, USH had the opportunity at the time of trial to use the computer printouts to cross-examine witnesses. Docket # 177, p. 6. This court, by its order of February 14, 2000 (Docket # 168), granted USH's post-trial motion to introduce into evidence the AEMC computer records. After being granted that motion, USH filed no subsequent motion seeking to re-open the evidence for further cross-examination based on the computer records. USH will not now be heard to complain that it was unable to introduce additional evidence related to those records.

*USH's argument regarding waiver*

For the proposition that it had not, by accepting premiums, waived its right to challenge Mr. Fountain's enrollment, USH cites only *New Jersey Automobile Ins. Plan v. Sciarra*, 103 F.Supp.2d 388, 401–02 (D.N.J.1998) (holding that under Pennsylvania and New Jersey law insurers that did not cancel insurance policies did not waive right to assert fraud claims against insureds). As *Sciarra* involved insurance fraud and was not an ERISA case, it does nothing to vitiate this court's original conclusion on waiver.

**Motion for Entry of Final Judgment Against Defendant AMH and to Impose Pre-judgment and Post-judgment Interest**

In the third motion currently before this court, USH seeks a final judgment against AMH in the amount of $159,980.63. USH bases this request on this court's June 30, 1997 order granting summary judgment in favor of USH. The amount sought includes $97,056.26—the amount of Mr. Fountain's medical bills that USH paid to providers other than AEMC—plus interest at a rate of 6%. USH suggests that interest began accruing, at the latest, on November 30, 1991, based on the statement in the August 2002 opinion that "USH … last paid a bill for Fountain in November 1991."

Under Pennsylvania law (which applies to this claim), pre-judgment interest is a matter of right in breach of contract

cases. *Fernandez v. Levin,* 519 Pa. 375, 548 A.2d 1191, 1193 (1988). "[U]nless otherwise specified by the parties, the rate of prejudgment interest is calculated as simple interest at a rate of six percent per year." *McDermott v. Party City Corp.,* 11 F.Supp.2d 612, 632 (E.D.Pa.1998).

This court agrees that USH is entitled to judgment including interest for the period from November 30, 1991 to date, and will enter a final judgment today against AMH in the amount of $163,027.93—$97,056.26 for breach of contract, with an additional $65,971.67 for pre-judgment interest accrued at 6.00% *per annum.*[3] USH also seeks post-judgment interest at the federal statutory rate prescribed by § 1961 (see discussion of § 1961 *supra*) both on the principal amount ($97,056.26) and on the accrued pre-judgment interest ($65,971.67). It is duly noted that USH is entitled to post-judgment interest, which will begin accumulating on the date of this judgment.

### ORDER/JUDGMENT

For the reasons stated in the accompanying opinion:

(1) It is hereby ORDERED that plaintiff Russo's Motion for Pre-judgment Interest and Attorneys' Fees (Docket # 174) is GRANTED as to pre-judgment interest and DENIED as to attorneys' fees;

(2) It is hereby requested that, within 10 days of this order, plaintiff Russo submit calculations to this court, with copies to the defendants, which arrive at a total pre-judgment interest award using the rate set forth in 28 U.S.C. § 1961. Should the defendants wish to respond to the plaintiff's calculation,

they should do so within 10 days of receiving plaintiff's submission;

(3) Judgment for pre-judgment interest will be entered in favor of plaintiff Russo and against defendant USH once the parties have submitted their materials regarding the proper calculation and award. A judgment of indemnity will also be entered in favor of [defendant and] third-party plaintiff USH against third-party defendant AMH for the same amount;

(4) It is hereby ORDERED that defendant USH's Renewed Motion for Judgment as a Matter of Law or in the Alternative for New Trial (Docket # 175) is DENIED;

(5) It is hereby ORDERED that [defendant and] third-party plaintiff USH's Motion for Entry of Final Judgment Against Defendant AMH and to Impose Pre-judgment and Post-judgment Interest (Docket # 180) is GRANTED. Judgment is hereby ENTERED in favor of [defendant and] third-party plaintiff USH and against third-party defendant AMH in the amount of $163,027.93.

---

**3.** At the time USH filed this motion—on September 16, 2002—interest had accumulated in the amount of $62,924.37. USH provided a spreadsheet showing the interest calculation through September 16, 2002. The court has extrapolated USH's calculation to arrive at the appropriate figure reflecting pre-judgment interest that has accumulated through today's judgment.