

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2006

# Nutrition Mgmt Ser v. Harborside

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3085

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Nutrition Mgmt Ser v. Harborside" (2006). *2006 Decisions.* Paper 979.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/979

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3085
_____

NUTRITION MANAGEMENT SERVICES COMPANY,
<u>Appellant,</u>

vs.

HARBORSIDE HEALTHCARE CORPORATION AND
HARBORSIDE HEALTHCARE LIMITED PARTNERSHIP

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 01-cv-00902)
District Judge: Honorable R. Barclay Surrick
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2006

_____

Before: MCKEE and GARTH, <u>Circuit</u> <u>Judges</u>, and LIFLAND, <u>District</u> <u>Judge</u>[*]

(Opinion Filed: June 1, 2006)
_____

OPINION
_____

Lifland, <u>District</u> <u>Judge</u>:

_____

[*] The Honorable John C. Lifland, Senior District Judge for the District of New Jersey,
sitting by designation.

This is an appeal from an Order entered May 17, 2005, denying the post-trial motion of Appellant Nutrition Management Services Company ("Nutrition Management"), pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend a judgment to add prejudgment interest in a case resulting in a jury finding of breach of contract and intentional interference with contractual relations. We will affirm.[1]

Writing, as we do, only for the benefit of the parties, we recite only those facts essential to decide this appeal. Nutrition Management managed the dietary services at nursing homes operated by Appellees Harborside Healthcare Corporation and Harborside Healthcare Limited Partnership (collectively "Harborside"). During the course of their dealings, a dispute arose over billing terms which led ultimately to the filing of this action.

Nutrition Management claimed losses, *inter alia*, in the amount of $2,120,913 for unpaid invoices, to which it added $1,637,935 in interest calculated at a rate of 1.5% per month.[2] According to Nutrition Management, Harborside had agreed to pay interest on unpaid invoices at the rate of 1.5% per month ("contract rate"). However, if the jury determined that Harborside had not agreed to pay contract rate interest, Nutrition Management claimed that Harborside nonetheless owed an additional $545,978 in interest

---

[1] The District Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Nutrition Management also sought miscellaneous expenses, such as damages for excess food costs and damages stemming from a covenant of no competition.

on the unpaid invoices calculated at the rate of 6% per annum ("legal rate").[3] Nutrition Management supported its claims for interest throughout the trial with testimonial and documentary evidence. Exhibits showing damages with both interest estimates were submitted to the jury for use during its deliberations.

The parties agreed upon a verdict slip that provided for damages as a lump sum in the event that the jury found in Nutrition Management's favor. Although Nutrition Management jointly prepared the verdict slip with Harborside, counsel for Nutrition Management, with seeming prescience, anticipated that a problem would arise with the lump-sum format should damages be awarded. Because of the way the verdict slip was structured, the District Court would be unable to determine, after the fact, whether the jury had included interest on unpaid invoices – an element of the damages susceptible to prejudgment interest. Unless the award of damages matched exactly that claimed by Nutrition Management, the District Court would be left to guess whether the jury awarded contract rate interest or legal rate interest or made only a partial award of interest at one rate or another; thus, a post-trial motion to alter the judgment to add prejudgment interest would suffer the potential of yielding an impermissible double helping of prejudgment interest.

The District Court acknowledged that this uncertainty would create a significant

---

[3] Under Pennsylvania law, interest is available as a matter of right on money owed under a contract. Fernandez v. Levin, 548 A.2d 1191, 1193 (Pa. 1988). Parties are free to contractually determine the availability and/or rate of interest if one of the parties breaches its duties; otherwise, the statutory rate of prejudgment interest applies. The statutory rate is 6% per annum. 41 Pa. Cons. Stat. Ann. § 202.

problem in making a determination as to what interest, if any, should be recovered. To correct this uncertainty, the District Court suggested a revised verdict slip, one that separately identified each claim so that the jurors could more accurately partition damages. However, the court's verdict slip still did not sever within each claim those elements of the damages susceptible to prejudgment interest from those elements not susceptible. Counsel for Nutrition Management suggested a change to the verdict slip that would inquire from the jury precisely whether they found that invoices were unpaid and whether they awarded contract rate interest or not. Harborside objected to this inquiry based on its suggestiveness. Ultimately, the parties agreed that, upon motion, the District Court would review the jury's damages award and from that review, make a determination about whether or not the award contained interest. Nutrition Management believed that if the court determined that the jury did not award contract rate interest, the court would then award the statutory interest at the legal rate to which it was entitled.

The jury returned a verdict in favor of Nutrition Management, finding that Harborside breached its contract with Nutrition Management and interfered with contractual relations, but did not commit fraud. The jury awarded Nutrition Management a total of $2,500,000 in damages. As noted, the verdict slip reflected this amount as a lump sum, and did not identify what portion, if any, of this award the jury allocated to interest (either contractual or statutory) on unpaid invoices, or to interference with contractual relations.

Nutrition Management reasoned that the jury necessarily found that there was a

4

contract which entitled Nutrition Management to payment on its invoices ($2,120,913), but that the award did not include contract rate interest ($1,637,935). Nutrition Management surmised that the jury did not accept its claim that it was owed any interest at the contract rate and therefore did not award interest at the legal rate even though both interest estimates were presented to the jury. Nutrition Management moved to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) to add prejudgment interest at the legal rate.

Engaging in its review, the District Court examined what had occurred at trial and found that Nutrition Management clearly presented its claim for contract rate interest to the jury. Moreover, the jury had been instructed by the court to award interest if they determined that the parties had a contract and the contract in fact provided for the payment of interest. Without evidence to the contrary, the District Court presumed that the jury followed the court's instructions with regard to the calculation of damages. The District Court concluded that the award of damages contained the amount of interest the jurors deemed appropriate, and therefore denied Nutrition Management's motion.

We review an order denying a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) for abuse of discretion as to those matters committed to the discretion of the district court. Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984).

Here, it cannot be said that the District Court abused its discretion when it presumed, after engaging in a thorough review of the trial record, that the jury adhered to instructions and awarded the interest it deemed appropriate. See Poleto v. Conrail Corp.,

5

826 F.2d 1270, 1277 (3d Cir. 1987) ("It has been suggested that when a jury has been asked to render only a general verdict, it might be presumed to have included prejudgment interest in its calculation of damages."). Nutrition Management provided the jury with damage figures that included interest estimates at both the contract rate and the legal rate. Moreover, Nutrition Management emphasized the inclusion of prejudgment interest throughout the trial and the court expressly charged the jury to include prejudgment interest in their assessment of damages if applicable. Fairness dictates that Nutrition Management, not Harborside, should bear the consequences of the confusion and uncertainty it created by presenting arguments for both contractual and statutory prejudgment interest. See Raybestos Prods. Co. v. Younger, 54 F.3d 1234, 1246 (7th Cir. 1995). A presumption that the jury's award included augmentation for interest under these circumstances is clearly not an abuse of discretion. See id. at 1247.

* * *