# Welker *v.* Hazen, Appellant.

*Practice, C. P.—Mistrial—Points for charge—Answers to points—Misleading remark by trial judge.*

In an action of trespass to recover damages for the alienation of the affections of plaintiff's wife, counsel for defendant requested the court to charge on certain points which were correct statements of the law. Just before passing upon such points in his

charge to the jury, the court remarked to counsel in the presence of the jury: "Gentlemen, I have changed my mind as to some of these points but am still somewhat in doubt." *Held,* that judgment on a verdict for plaintiff must be reversed, as under such circumstances the jury may have understood the remark to have been addressed to them, and that they were left without binding instructions on the law raised by the points.

Argued Oct. 14, 1913. Appeal, No. 8, Oct. T., 1913, by defendant, from judgment of C. P. Lawrence Co., June T., 1911, No. 8, on verdict for plaintiff in case of F. E. Welker v. E. E. Hazen. Before BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for the alienation of the affections of plaintiff's wife. Before PORTER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $10,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the twenty-first referred to in the opinion of the Supreme Court.

*J. Norman Martin,* of *Martin & Martin,* with him *J. Sharp Wilson* and *J. W. Rhodes,* for appellant.

*C. H. Akens,* of *Akens, Wilkison, Lockhart & Chambers,* with him *James A. Chambers,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 5, 1914:

The action was in trespass for recovery of damages for the alienation of a wife's affection. A careful examination of each of the matters to which our attention has been directed by the twenty-six assignments of error, has satisfied us that the case was well tried, and but for the incautious remark of the trial judge when answering the points submitted, we could have no reason to disturb the judgment entered.

After passing upon the points submitted on behalf of

the plaintiff, and when about to pass upon the points submitted on behalf of the defendant, the judge thus remarked from the bench in the presence of jury and counsel:

"Gentlemen, I have changed my mind as to some of these points, but am still somewhat in doubt."

So far as we are concerned no assurance from the learned trial judge, that this remark was intended for counsel and not for the jury, was needed. In justice to him, however, we here give his explanation of the occurrence as we find it in his opinion refusing a new trial. He there says:

"Prior to the argument of the case to the jury considerable argument was had by counsel for the respective parties on the points submitted. During this argument the court made a number of observations and expressed an opinion as to the points. Some of these expressions were at variance with the final action of the court in passing upon the points of defendant. After the case had been argued by counsel to the jury the court delivered its charge and disposed of the plaintiff's points, then taking up the points of the defendant, and remembering that our remarks to counsel during the arguments upon the points were at variance with the action we now proposed to take upon the points, and that we proposed to give the defendant more favorable answers to his points than we had previously indicated we would, the court looked at counsel for the defendant and said: 'Gentlemen, I have changed my mind as to some of these points, but am still somewhat in doubt.' This remark was addressed solely to the counsel, and from all the circumstances the jury did not have any reason to believe it was addressed to it, nor did it so believe."

Whether the jury did or did not have reason to believe the remark was addressed to them, is not a question so easily resolved by us as it seems to have been to the trial judge. How can we know that the jury did not accept

the remark as intended for them? We can readily understand how the remark, made while the court was instructing the jury on the points raised, could have been appropriated by the jury as addressed to them. If they did so understand, the effect was to leave the jury without binding instructions on the law as raised by the points. If the instructions asked for were in accordance with the law of the case, the defendant was entitled to a positive affirmance of them, and anything short of this, coming from the court, would be proper subject of complaint. Covering every feature of the case as the points did, for the court to say when about to answer them, that the court was uncertain as to the correctness of the answers about to be given, was to leave the jury free to adopt or reject the answers. It would in effect leave them at sea without chart or compass, to make any port they might. Because this incautious remark may have affected the verdict rendered, we feel compelled to reverse the judgment and order a venire de novo. It is so ordered.