Penneys *v.* Pennsylvania Railroad Company,
Appellant.

Argued April 18, 1962.  Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*F. Hastings Griffin, Jr.,* with him *Thomas C. Mc-Grath, Jr.,* and *Dechert, Price & Rhoads,* for appellant.

*Harry R. Kozart,* with him *Charles A. Rothman,* and *Thomas Z. Minehart,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, July 31, 1962:

On March 15, 1950, appellees opened a railroad car containing certain textile machinery which they had purchased in Los Angeles and caused to be shipped by rail to them in Philadelphia. The opening of the car revealed machinery damaged beyond repair and of no value except for salvage. To recover this loss, appellees instituted an action of assumpsit against appellant, the delivering carrier. The jury trial, which commenced on October 23, 1953, resulted in a disagreement among the jurors, whereupon, by stipulation of counsel, it was agreed that the matter be disposed of by the trial judge on the record as if there had been a waiver of a jury trial. On August 9, 1960, nearly seven years later, the trial judge handed down his adjudication wherein he found for appellees in the amount of $21,725, less $2,000 for salvage, leaving $19,725, to which was added interest at 6% per annum from March 15, 1950, in the amount of $12,229.48, making a total of $31,954.48. Appellant's exceptions to the adjudication were dismissed by the court en banc and judgment was entered for appellees against appellant in the amount of $31,954.48. It is from the entry of that judgment that appellant prosecutes the instant appeal.

The machinery involved was shipped "shippers load and count", in consequence of which, it is conceded by all concerned, appellant cannot be liable for damages unless the machinery was delivered to the railroad in good condition and properly loaded and braced. Appellant contends that the machinery was "leg type" and "top heavy", appellees contend that it was "base type" and not "top heavy". The distinction between the types of machinery becomes important because the type of bracing required varies in accordance with the type of equipment involved. Appellant argues that the machinery was improperly loaded in that proper bracing for "top heavy" machinery was not provided. Both sides produced testimony on the subject and, without going into the specific evidence on the issue here, we discern that the trial judge could and did find that the machines were "base type", not "top heavy" and were properly loaded.

Appellant further complains that the damages found by the trial court were excessive. Again we find in the record conflicting testimony on the issue. In essence, the trial court found that the economic value of the machinery as a whole had been totally destroyed and that the fair market value of the equipment at the time of the loss was $21,725, from which sum the salvage value of $2,000 was deducted. This finding by the trial court is readily sustained by the evidence which it found credible. It is axiomatic in the law of this Commonwealth that the findings of fact of a trial judge, sitting without a jury, sustained by the court en banc, have the force and effect of a jury's verdict, and, if based on sufficient evidence, will not be disturbed on appeal. *Glesenkamp Will*, 378 Pa. 635, 107 A. 2d 731 (1954); *Citizens Building and Loan Association v. Dise*, 190 Pa. Superior Ct. 428, 154 A. 2d 304 (1959). Appellant's positions on the issues of liability and damages are based solely on

factual questions and our review of the record convinces us that there was ample evidence from which the trial court could reach its factual conclusions. These conclusions, having their foundation in the evidence and affirmed by the court en banc, will not be disturbed on appeal.

The final issue raised by appellant is that of the award of interest to appellee on the damages found by the trial court. Appellant submits that interest may not be awarded because the damages were unliquidated, appellees' demand was exorbitant and, in any event, it should not be liable for interest for the long period of time between the trial of the action and the rendering of the adjudication by the trial court. We cannot agree with these contentions.

The Restatement, Contracts, §337(a), together with comments d. and g. thereunder, provides a clear guidepost for the award of interest in this situation.* Nor can we state from this record that appellees' demand was so exorbitant as to excuse performance by appel-

---

* Section 337, in its pertinent parts, provides:

"§337. WHEN INTEREST IS RECOVERABLE AS DAMAGES.

"If the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows: (a) Where the defendant commits a breach of a contract to pay a definite sum of money, or to render a performance the value of which in money is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, interest is allowed on the amount of the debt or money value from the time performance was due, after making all the deductions to which the defendant may be entitled."

"Comment:

. . .

"d. The fact that the defendant in good faith denies the existence of the debt or other duty asserted by the plaintiff, or denies that he has committed any breach of contract, does not prevent the allowance of interest as damages for his breach.

. . .

lant. The demand for $32,247.48 contained in the complaint is not so far removed from the proof, which shows testimony of a loss as high as $26,275, or the $21,275 found by the trial court as the actual loss, as to permit appellant to escape the payment of interest.

The question which we find exceedingly troublesome involves the seemingly interminable delay between the loss and the entry of judgment, nearly seven years of which was consumed by the trial court in making its adjudication. From the record before us it is impossible to determine the reason for this delay. The action was commenced with diligence after the loss occurred and came to trial in normal course, why the adjudication took so long we cannot say. We do not know whether appellant, appellees, both or neither is responsible for the delay. Although it may appear unreasonable to require appellant to pay interest for a long period when it had no control over the litigation, it appears equally unreasonable to deprive appellees of the fruit of the use of their money during a period when they also had no control over the course of the litigation. Since we cannot determine that either party caused the delay and since appellant had use of the money represented by appellees' loss throughout

"g. Even though a contract does not itself specify the value of the performance that the defendant has failed to render, if that value can be determined by mathematical calculation from a standard fixed by the contract or from established market prices of the subject matter of the contract, interest is allowed on the amount so determined. This is true although the extent of the performance rendered and the existence of the market prices must be proved by evidence. The defendant had reason to foresee that a breach would deprive the plaintiff of the value determined by such a calculation." Cf. *Miller v. Robertson*, 266 U.S. 243; *Babayan v. Reed*, 257 Pa. 206, 101 A. 339, where interest was allowed on wholly unliquidated damages: *Faltin v. Eazor*, 172 F. Supp. 175 (W.D. Pa. 1959); Affd. 273 F. 2d 444 (3 Cir. 1959).

the course of the litigation, we are constrained to conclude that the appellees, being the innocent parties in the action, have the weight of the equities on their side and are entitled to interest as awarded by the court below.

Judgment affirmed.

Mr. Justice BENJAMIN R. JONES and Mr. Justice EAGEN would modify the judgment and strike off the interest from January 1, 1954.