## Narehood v. Keiter

*Bruce A. Grove, Jr.*, for plaintiff.
*John McCrea, III*, for defendants.

SHUGHART, *P.J.*, May 6, 1981—On September 2, 1977, plaintiff contracted to build a house for defendants. Construction was substantially completed on July 31, 1978. Plaintiff alleged that the remainder of the contract price was due at that time. Defendants, however, withheld $2,200 from the final payment because of alleged defects resulting from poor workmanship and materials. On December 11, 1978, plaintiff brought an action in assumpsit to recover the $2,200 due under the contract plus interest. In a non-jury trial on December 11, 1980, this court found in favor of plaintiff in the amount of $1,700, with interest from July 31, 1978. On December 22, 1980, defendants filed exceptions to the findings of the trial judge.

Primarily defendants take exception to the trial judge's refusal to allow defendant Robert M. Keiter to testify concerning his opinion as to the amount of damages caused by plaintiff's poor workmanship and materials. Defendants rely upon cases to support their argument that Pennsylvania law permits the testimony of non-expert property owners concerning the cost of repairs to their property, citing Chauvin v. Superior Fire Insurance Co., 283 Pa. 397, 129 A. 326 (1925); Czerwinski v. National-Ben Franklin Fire Insurance Co. of Pittsburgh, 138 Pa. Superior Ct. 84, 10 A. 2d 40 (1939). Defendants' reliance on these cases is misplaced.

In Czerwinski, the court held that an owner is competent to testify as to the condition and value of household and personal items in an action to re-

cover the value of the items from the insurer. The owner had testified as to the original cost of the items, time of purchase, use to which they were put, and their condition before and after the fire. The owner's testimony in Czerwinski concerned items the value of which had to be measured by several factors. Only the owner had the necessary information, i.e., the special knowledge, required to make a fair and accurate assessment. In the case at bar, the owner is not in such a unique position. We are here concerned with the cost of repair for defects in construction. The principle relied on in Czerwinski has not been extended to render admissible the testimony of homeowners concerning the cost of repairs.

Similarly, the principle relied upon by the court in Chauvin has not been extended to permit an owner's opinion concerning cost of repairs. In Chauvin, a property owner was permitted to give his opinion concerning the value of his fire-destroyed building. His estimate, however, was of the total value of the building, not the cost of repairs or cost of completion. The court in Chauvin presumed that the owner would be familiar with his property, and thus, the value of that property. Although a property owner is generally competent to provide his opinion concerning the value of his property because of a "presumption of special knowledge arising out of such ownership," Baldassari v. Baldassari, 278 Pa. Superior Ct. 312, 420 A. 2d 556, 560 (1980), no authority has been found to support an extension of this rule to allow opinions by property owners concerning the cost of repairs for defects in construction.

We concur with the court in Luzader v. Com., 108 P.L.J. 224 (1958):

While it has been held that a property owner is qualified to express an opinion as to the value of his property because he is an owner, it does not follow that he is qualified to establish the cost of repairing and restoring his property merely because he owns it: Id. at 227.

Many homeowners can provide informed opinions concerning the value of their homes based on purchase price, improvements made, market prices of similar homes recently sold, and other information. But their opinions concerning the cost of excavation, repairing cellar walls, installing sliding glass doors, repairing drain spoutings, and so forth, generally would not be based on personal knowledge. Defendant's testimony was properly excluded.

Secondly, defendants contend that the trial judge erred in not finding for defendants. In Pennsylvania, [a] finding by a trial judge sitting without a jury has the force and effect of a jury's verdict, and the party favored by the finding is entitled to have the evidence viewed in the light most favorable to him, and to have all conflicts in testimony resolved in his favor. . . . The credibility of witnesses and the weight to be accorded to their testimony is for the trial judge, sitting without a jury: Krobot v. Ganzak, 194 Pa. Superior Ct. 49, 52, 166 A. 2d 311, 312 (1960); accord, Brandywine Area Joint School Authority v. Van Cor, Inc., 57 D. & C. 2d 606, aff'd, 222 Pa. Superior Ct. 702, 291 A. 2d 884 (1972). Because defendants have failed to meet the heavy burden of showing that the court's findings are not supported by competent evidence, see Hauser Construction Co. v. Goldstein, 59 Del. 319 (1972), this exception is dismissed.

Finally defendants take exception to the court's

finding that plaintiff is entitled to interest from July 31, 1978, the date the contract payment was due. According to Pennsylvania law, "in a contract action the award of such interest does not depend upon discretion but is a legal right." Gold & Company, Inc. v. Northeast Theater Corporation, 281 Pa. Superior Ct. 69, 421 A. 2d 1151, 1154 (1980); accord, Palmgreen v. Palmer's Garage, 383 Pa. 105, 117 A. 2d 721 (1955). Moreover, a bona fide dispute concerning the amount due does not preclude the accrual of interest: West Republic Mining Co. v. Jones & Laughlin, 108 Pa. 55 (1884); Gold & Company, Inc. v. Northeast Theater Corporation, supra. As stated in the Gold case, "[interest] must be awarded despite the good faith of the party contesting the claim." 281 Pa. Superior Ct. at 76, 421 A. 2d at 1154. In calculating the damages in this case, plaintiff is entitled to interest from the time the goods and services were rendered by him, i.e., from the date defendants' duty to pay arose, that being July 31, 1978. See Palmgreen v. Palmer's Garage, supra.

## ORDER

And now, May 6, 1981, for the reasons set forth in the foregoing opinion, defendants' exceptions to the findings of this court entered on December 11, 1980, are hereby dismissed, and judgment is entered against defendants in the amount of $1,700, with interest from July 31, 1978.