548 A.2d 1191

**Benito R. FERNANDEZ, Appellant,**

v.

**Howard B. LEVIN, Appellee.**

Supreme Court of Pennsylvania.

Submitted Jan. 19, 1988.

Decided Oct. 14, 1988.

Kurt J. Shaffer, Bucks, for appellant.

Kenneth E. Aaron, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS AND STOUT, JJ.

## OPINION OF THE COURT

STOUT, Justice.

This is an action in assumpsit in which Benito R. Fernandez, an investment broker, sued Howard B. Levin, a half-

owner of Typhoon Fence of Pennsylvania, to recover $15,-000. The case went to arbitration and an award was entered for Fernandez. Levin appealed to the Court of Common Pleas and, in a non-jury trial, Fernandez again prevailed. Judgment was entered for $15,000 but prejudgment interest was denied. Cross-appeals were filed in the Superior Court with Levin appealing the judgment in favor of Fernandez and Fernandez appealing the denial of prejudgment interest. From the Superior Court's affirmance of the judgment but denial of the interest, 357 Pa.Super. 640, 513 A.2d 1079. Fernandez sought and was granted an appeal to this Court.

Two questions require our review: first, whether the appeal was filed timely, and, second, whether there was error in the denial of prejudgment interest. Each question begets an affirmative answer.

This case has been wandering through the wilderness of litigation since March 17, 1980 when Fernandez filed the action in assumpsit. The Complaint alleged that, on or about June 30, 1979, Levin delivered a check payable in cash to Fernandez in the amount of $15,000, and that, on or about July 2, 1979, the check was dishonored for insufficient funds. Although Fernandez did not demand interest in his Complaint, he did pray for judgment "plus interest, and cost of suit" in his Answer to New Matter.

■ After the Trial Court decided the matter in favor of Fernandez, Fernandez again raised the question of prejudgment interest in a document entitled "Exceptions to the Verdict," [1] which he filed April 19, 1984, and in a "Petition to Amend the Verdict," which he filed April 26, 1984. These documents were identical in substance.

On June 26, 1984, the Trial Court dismissed the "Petition to Amend the Verdict." Argument was held on February

---

1. Fernandez' "Exceptions to Verdict and Judgment of April 12, 1984," sought relief under Pa.R.Civ.P. 1038(d). That rule had been rescinded, however, effective October 19, 1983. It was replaced by Pa.R. Civ.P. 227.1, which became effective January 1, 1984. Nonetheless, the relief formerly available through exceptions under Rule 1038(d)

20, 1985 on the "Exceptions to the Verdict." They were dismissed February 21, 1985. A Notice of Appeal was filed March 19, 1985 and the cross-appeal was filed March 29, 1985. However, judgment was not actually docketed until December 26, 1985.

The Trial Court viewed this appeal as untimely inasmuch as it was taken more than thirty days after the dismissal, on June 26, 1984, on the "Petition to Amend the Verdict." This was error. In denying the award of prejudgment interest, the Trial Court relied on Pa.R.Civ.P. 1021(a), which states, in part, that "[a]ny pleading demanding relief shall specify the relief to which the party deems himself entitled." This also was error.

## Timeliness of Appeal

 The notice of appeal was filed on March, 19, 1985.[2] However, neither the dismissal of the "Petition to Amend the Verdict" on June 26, 1984, nor the dismissal of the "Exceptions to the Verdict" on February 21, 1985, was determinative of when the appeal period began. It was the docketing of the judgment on December 26, 1985 which had that effect.

 Ordinarily, an appeal from an order dismissing exceptions is interlocutory and unappealable.

An order dismissing exceptions following a trial without jury is in the same category as an order refusing a new trial. It is interlocutory and unappealable. The appeal should not be filed and may not be entertained *until a final judgment is entered....* It is from the final judgment, properly entered upon the docket, that the appeal must be taken.

*Murphy v. Brong,* 321 Pa.Super. 340, 343, 468 A.2d 509, 511 (1983). *See also Karpe v. Borough of Stroudsburg,* 290

remains available through a motion for post-trial relief. *See* Pa.R. Civ.P. 1038(d) advisory committee note (1987) and Pa.R.Civ.P. 227.1 explanatory comment (1983 & 1985).

2. According to the Notice of Appeal, the judgment was docketed on February 21, 1985. However, the docket entries themselves do not reflect docketing of the judgment until December 26, 1985.

Pa.Super. 559, 434 A.2d 1292 (1981); Pa.R.App.P. 301 and advisory committee note. However, where an appeal is prematurely filed from an interlocutory order, as occurred herein, the appeal is perfected when a final, appealable order is subsequently entered. Pa.R.App.P. 905(a).[3] Accordingly, the appeal in this case was perfected on the date of docketing the judgment. Hence, the appeal was timely.

### Prejudgment Interest

■ For over a century it has been the law of this Commonwealth that the right to interest upon money owing upon contract is a legal right. *West Republic Mining Co. v. Jones & Laughlins*, 108 Pa. 55 (1885). That right to interest begins at the time payment is withheld after it has been the duty of the debtor to make such payment. *Palmgreen v. Palmer's Garage, Inc.*, 383 Pa. 105, 117 A.2d 721 (1955).

In 1962, in the case of *Penneys v. Pennsylvania R.R. Co.*, 408 Pa. 276, 183 A.2d 544 (1962), this Court adopted the *Restatement of Contracts* § 337(a) (1932), which is currently found in the *Restatement (Second) of Contracts* § 354 (1981). That section provides, in relevant part:

"§ 337. WHEN INTEREST IS
RECOVERABLE AS DAMAGES

If the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows:

(a) Where the defendant commits a breach of a contract to pay a definite sum of money....

This rule has been followed consistently by the state and federal courts applying state law. *See Benefit Trust Life Ins. Co. v. Union Nat'l Bank of Pittsburgh*, 776 F.2d 1174 (3d Cir.1985); *Black Gold Coal Corp. v. Shawville Coal Co.*, 730 F.2d 941 (3d Cir.1984); *Ambromovage v. United*

3. Rule 905(a) provides in relevant part: "A notice of appeal filed after the announcement of a determination·but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."

*Mine Workers of America,* 726 F.2d 972 (3rd Cir.1984); *Daset Mining Corp. v. Industrial Fuels Corp.,* 326 Pa.Super. 14, 473 A.2d 584 (1984). The award of interest in a contract action is a matter of right regardless of when it is demanded, *Metropolitan Edison Co. v. Old Home Manor, Inc.,* 334 Pa.Super. 25, 482 A.2d 1062 (1984) (interest added, as a correction to a formal error, even after an appeal had been taken), or whether it is demanded. *Stephens v. Hartley,* 5 Pa.D. & C. 639 (1924).

■ Here, the obligation to pay, which arose June 30, 1979, was for a definite sum of money. Simple interest, at the statutory legal rate, should have been calculated and added as damages. The failure of the complainant to demand interest as relief under Pa.R.Civ.P. 1021(a) did not deprive him of this legal right.[4]

The Order of the Superior Court is reversed with respect to denial of prejudgment interest. The matter is remanded to the Court of Common Pleas for the calculation of interest in accordance with this opinion.

---

**4.** On the subjects of interest as damages and prejudgment interest, *see* 7 C. McCormick, *McCormick on Damages* §§ 50–52 (1935); C. Knapp, *Commercial Damages: A Guide to Remedies in Business Litigation* §§ 6.02–04 (1988); and Comment, *Prejudgment Interest: Survey and Suggestion,* 77 Nw.U.L.Rev. 192 (1982).