39 A.3d 253

TRUSERV CORPORATION, Successor by Merger to ServiStar Coast to Coast Corporation, f/k/a ServiStar Corporation, Appellant

v.

MORGAN'S TOOL & SUPPLY CO., INC., John L. Morgan, and Gail N. Morgan, Appellees.

Supreme Court of Pennsylvania.

Argued Oct. 19, 2010.

Decided Feb. 21, 2012.

550

552

Robert H.C. Ralston, Samuel Herman Simon, Matthew J. Lautman, Houston Harbaugh, Pittsburgh, for TruServe Corporation.

Emily Martha Ayoub, John Kenneth Gisleson, Pittsburgh, Nilam Ajit Sanghvi, Schnader Harrison Segal & Lewis, L.L.P., for Morgan's Tool & Supply Co., et al.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## OPINION

Justice TODD.

We granted allowance of appeal in the instant case to consider whether a trial court may refuse to award contractual interest to the prevailing party in a contract dispute based on a finding of dilatory conduct by the prevailing party. We hold, *inter alia*, that a trial court may not refuse to award interest to the prevailing party when the right to interest has been expressly reserved under the terms of the contract. Thus, we remand this matter to the trial court for recalculation of its award in favor of Appellant TruServ Corporation ("TruServ").[1]

1. TruServ, a Delaware corporation with an office in Butler, Pennsylvania, was the successor by merger to ServiStar Coast to Coast Corporation, f/k/a ServiStar Corporation. According to Appellant, TruServ is now known as True Value. For purposes of this opinion, we will continue to refer to Appellant as TruServ.

## I. Background

TruServ is a hardware wholesale cooperative for retail hardware, lumber, and building supply dealers. Members of the cooperative, who are billed on a bi-monthly basis for the materials they purchase, are shareholders and part owners of the cooperative. On May 26, 1994, Morgan's Tool & Supply Co., Inc. ("MTS"), a Louisiana corporation owned and operated by John L. and Gail N. Morgan (the "Morgans"), executed a "Retailer's Application for Membership and Membership Agreement" ("Membership Agreement") with TruServ's predecessor, ServiStar Corporation ("ServiStar"). The application was approved, and, on June 30, 1994, MTS was accepted as a member in the cooperative. That same year, the Morgans executed an "Unlimited Guaranty of Credit" (hereinafter "Guarantee"), by which they agreed to guarantee the debts of MTS. The Guarantee further obligated the Morgans to pay any expenses, including counsel fees and legal expenses, incurred by ServiStar in an effort to collect amounts owed by MTS and to enforce the Guarantee.

In June 1997, ServiStar merged with TruServ. It is undisputed that, following the merger, a new document entitled "Retail Member Agreement" became the controlling contract between MTS and TruServ. Relevant to this appeal, the Retail Member Agreement provided that the member—in this case, MTS—agrees:

[t]o pay on the date due all invoices on accounts receivable statements and any other financial obligations to the Company and subsidiaries, and to pay a one and one-half percent (1–1/2%) per month service charge,[2] but not to exceed the maximum amount permitted by law, on past due balances of accounts. Upon either termination of this Agreement or Member's failure to pay on the date due all invoices on accounts receivable statements and any other financial obligations to the Company, to pay immediately all amounts due, including future dated invoices, from the Member to the Company and its subsidiaries.

2. The equivalent of 18% per annum.

Retail Member Agreement at 2 (R.R. at 1151a). The Retail Member Agreement, which was to "continue in force from year to year unless ... terminated," further provided:

> In the event that the Company initiates proceedings to recover amounts due it by Member or for any breach of this Agreement or to seek equitable or injunctive relief against the Member, the Company shall be entitled to the recovery of all associated costs, interest and reasonable attorney's fees.

*Id.* at 4–5 (R.R. at 1153–54a).

MTS ultimately became delinquent on the two accounts it had with TruServ, and, after the parties were unable to agree on a payment plan to bring the accounts current, TruServ advised MTS by letter dated June 3, 1999 that it was terminating its Retail Member Agreement with MTS. On July 19, 1999, TruServ filed a complaint against MTS and the Morgans (collectively and hereinafter "MTS"), alleging breach of contract and unjust enrichment. TruServ sought $78,826.93 in damages, which, according to TruServ's complaint, represented "goods and services ordered and received by Morgan's Tool, as well as service charges." Complaint at 3 (R.R. at 18a). In addition to that amount, TruServ sought "service charges as shall continue to accrue, prejudgment interest, post-judgment interest, costs, attorney's fees and any other relief" the court deems appropriate. *Id.* at 4 (R.R. at 19a).

MTS filed an answer on September 16, 1999, and, on December 27, 2000, filed a motion for production of documents and a motion to compel TruServ to answer interrogatories. On January 29, 2001, MTS filed a counterclaim, alleging breach of contract and breach of the duty of good faith and fair dealing. On May 21, 2001, a joint motion was filed to postpone the trial due to John Morgan's health issues. Approximately one year later, on May 13, 2002, TruServ's counsel withdrew from the case. On June 5, 2003, TruServ, represented by new counsel, filed a response to MTS' counterclaims, and MTS responded on July 1, 2003. No further activity between July 2003 and March 2007 is reflected on the

docket, with the exception of two changes of counsel for TruServ on February 11, 2005 and March 14, 2007.

On April 21, 2008, the matter proceeded to a nonjury trial before the Honorable S. Michael Yeager of the Butler County Court of Common Pleas. The trial court concluded MTS had breached its Retail Member Agreement with TruServ by failing to pay for the merchandise it had ordered and received. The court awarded TruServ $78,826.93 in damages, plus $23,648.08 in costs and counsel fees.[3] The court, however, concluding "the decision of whether to award prejudgment interest is at the discretion of the court," Rule 1925(a) Opinion, 9/24/08, at 3–4, declined to award interest on the basis that TruServ was dilatory in prosecuting its claim: TruServ is "not entitled to recover interest on the amount due because there were times after suit was filed that [TruServ] allowed this case to linger in the system as opposed to aggressively pursuing timely resolution." Trial Court Opinion, 4/23/08, at 3 (R.R. at 417a).[4]

Thereafter, TruServ appealed to the Superior Court, arguing the trial court erred in failing to award TruServ "contractual pre-judgment interest" when the Retail Member Agreement, which the trial court found controlling, expressly provided for such an award. Appellant's Superior Court Brief at 3 (R.R. at 520a). The Superior Court affirmed the trial court's order on the basis that TruServ had breached its duty to mitigate its losses. *Truserv Corp. v. Morgan's Tool & Supply Co., Inc.*, 1480 WDA 2008, 981 A.2d 948, unpublished memorandum (Pa. Super, filed July 1, 2009). The

---

**3.** Although the trial court initially declined to award TruServ counsel fees because TruServ purportedly failed to provide the court "with any documentation containing the percentage of counsel fees to be awarded and that the parties had agreed upon in the event of a default necessitating the filing of a legal action," Trial Court Opinion, 4/23/08, at 4 (R.R. at 418(a)), following, *inter alia*, TruServ's motion for post-trial relief and a status conference, the trial court entered an order on July 2, 2008 which awarded costs and counsel fees in the amount of $23,648.08. Judgment was entered on August 5, 2008.

**4.** The trial court dismissed MTS's counterclaim for breach of contract and breach of the duty of good faith and fair dealing on the basis that the damages alleged were speculative.

Superior Court relied on its decision in *Somerset Cmty. Hosp. v. Mitchell,* 454 Pa.Super. 188, 685 A.2d 141 (1996), wherein it held:

> a party who suffers a loss due to the breach of a contract has the duty to make reasonable efforts to mitigate his losses. The burden to prove this duty to mitigate is placed on the party who actually breaches the contract; the breaching party must show how further loss could have been avoided through the reasonable efforts of the injured party. An injured party, however, is not obligated to mitigate damages when both it and the liable party have an equal opportunity to reduce damages.

*Truserv Corp. v. Morgan's Tool and Supply Co., Inc.,* 1480 WDA 2008, at 10 (quoting *Somerset,* 685 A.2d at 150).

With respect to the instant case, the Superior Court noted that, "[f]or almost four years, there was a substantial delay in resolution of this action. The record demonstrates that [TruServ] did not make reasonable efforts to mitigate its losses. Conversely, Morgan's Tools complied with its obligations with respect to the pleadings in a timely fashion." *Truserv,* 1480 WDA 2008 at 12. The court then concluded, "[u]nder the unique facts of this case ... the trial court did not abuse its discretion in declining to award [TruServ] pre-judgment interest." *Id.*

Judge Colville filed a dissenting memorandum, wherein he noted the parties had agreed in the Retail Member Agreement to the payment of interest in the form of service charges, and, as a result, the award of such interest was a contractual obligation and not a matter of damages to be awarded at the trial court's discretion. *Id.* (Colville, J., dissenting). Judge Colville, therefore, would have vacated the trial court's order and remanded for a recalculation of the amount of the judgment.

■ In October 2009, TruServ filed a petition for allowance of appeal with this Court. On April 14, 2010, this Court granted allowance of appeal to consider the following issue: "Whether a trial court has discretion to refuse to award

contractual interest based on the dilatory conduct of the victorious party." *Truserv Corp. v. Morgan's Tool & Supply Co., Inc.,* 605 Pa. 589, 992 A.2d 858 (2010) (order). As this issue presents a question of law, our standard of review is *de novo* and our scope of review is plenary. *Helpin v. Trustees of the University of Pennsylvania,* 608 Pa. 45, 10 A.3d 267, 270 (2010).

In support of its position that the trial court erred in refusing to include interest in its award, TruServ first argues that, pursuant to Section 354 of the Restatement (Second) of Contracts, when a party breaches a contract to pay a definite sum of money, "the award of prejudgment interest is mandatory." Appellant's Brief at 18. TruServ notes that comment (c) to Section 354 provides: "Unless otherwise agreed, interest is always recoverable for the non-payment of money once payment has become due and there has been a breach," and TruServ contends this rule applies whether or not the contract calls for interest. *Id.* TruServ further claims that interest under Section 354 "is allowable at the legal rate from the time payment is withheld after it has become the duty of the debtor to make such payment," and contends that allowance of such interest "does not depend upon discretion but is a legal right." *Id.* (quoting *Palmgreen v. Palmer's Garage, Inc.,* 383 Pa. 105, 108, 117 A.2d 721, 722 (1955)).[5]

TruServ additionally argues that, because the Retail Member Agreement clearly and unambiguously provided for an award of interest on past-due balances, pursuant to comment (a) to Section 354, which states that Section 354 does not pertain to an injured party's right to interest under the terms of a contract, the trial court was obliged to enforce the clear language of the contract. Appellant's Brief at 22. To the

5. TruServ concedes that an award of prejudgment interest arguably is discretionary under Subsection 354(2), which provides for the payment of interest "as justice requires." Appellant's Brief at 23. TruServ emphasizes, however, that Subsection 354(2) applies only to instances where the breach did not consist of a failure to pay a definite sum of money, or the performance did not have a fixed or readily ascertainable monetary value. *Id.* (citing Restatement (Second) of Contracts, § 354 cmt. d). Thus, as the amount owed by MTS was certain, TruServ contends Section 354(2) does not apply to the instant case.

extent the Superior Court relied on its own decisions in *Somerset, supra,* and *Penneys v. Pennsylvania R.R. Co.,* 408 Pa. 276, 183 A.2d 544 (1962), in upholding the trial court's refusal to award TruServ interest, TruServ contends the Superior Court's decisions in those cases are distinguishable in that, *inter alia,* neither involved contracts that contained an interest provision. Appellant's Brief at 24.

Furthermore, with regard to the Superior Court's determination that TruServ did not make reasonable efforts to mitigate its losses, TruServ maintains that mitigation principles are inapplicable to an award of contractual interest. To this end, TruServ urges this Court to utilize the approach we have adopted in cases involving commercial leases, wherein we have held a landlord has no duty to mitigate. Appellant's Brief at 27 (citing *Stonehedge Square Ltd. P'ship v. Movie Merchants, Inc.,* 552 Pa. 412, 715 A.2d 1082 (1998)). TruServ further avers that the Superior Court's reliance on mitigation principles was particularly erroneous in the instant case because the trial court's decision was not based on a determination that TruServ failed to mitigate its damages; rather, the trial court based its decision solely on a belief that it possessed discretionary authority to award contractual interest. Appellant's Reply Brief at 2.

In its brief to this Court, MTS contends that, even if TruServ had a right to prejudgment interest pursuant to Section 354 of the Restatement (Second) of Contracts, that right was not absolute. Specifically, MTS points to language in Section 354(1) which provides "interest is recoverable from the time for performance on the amount due *less all deductions to which the party in breach is entitled,*" and posits that a delay in litigation may support such a deduction. Appellee's Brief at 9 (emphasis original) (citing *Penneys, supra,* and *Somerset, supra* ). MTS further avers that the language of Section 354(1) "is consistent with the general principle . . . that a non-breaching party in a contract case has a duty to mitigate its losses." Appellee's Brief at 10.

To the extent TruServ relies on comment (a) to Section 354 to support its claim that it has an absolute right to interest

because the Retail Member Agreement provides for the same, MTS argues that the Retail Member Agreement entitles TruServ only to "all associated costs, interest and reasonable attorney's fees," and does not give TruServ "any greater rights than it otherwise would have in any other contract action under common law." *Id.* at 11. MTS further contends that, to the extent the Retail Member Agreement provides for the payment of a 1.5% monthly service charge on past due balances, a service charge is distinct from interest, and notes that, in the Retail Member Agreement, " 'service charges' are discussed in the context of payments due on invoices, while 'interest' is used in a provision outlining recoverable fees and costs should there be litigation." *Id.* at 12. Thus, MTS argues that, even if TruServ is contractually entitled to some form of interest, the rate of interest should be at the "statutory rate of 6% per year, not the higher 'service charge' rate [of 18% per annum]." *Id.* n. 3.[6]

Regardless, MTS maintains that TruServ's recovery of interest is "governed by principles of mitigation." *Id.* at 12. MTS points out that comment (a) to Section 354 is silent as to whether a court can deny interest to the nonbreaching party when that party has delayed in prosecuting its claim, and alleges TruServ fails to articulate why the doctrine of mitigation, which MTS contends is applicable in the context of a damages award, should not also apply to an award of contractual interest. *Id.* at 13.

Finally, MTS asserts that public policy will be served by allowing a trial court to deny prejudgment interest where the prevailing party in a contract dispute has been dilatory in prosecuting its claim; to hold otherwise would provide an incentive for plaintiffs "to string their claims out for years to maximize the available interest." *Id.* at 14. MTS suggests that denying interest based on a prevailing party's delay in prosecuting its breach of contract claim is consistent with Rule 238 of the Rules of Civil Procedure, which allows for the recovery of delay damages in tort cases, but excludes damages

6. As MTS notes, the statutory legal rate of interest in Pennsylvania is 6% per annum. 41 P.S. § 202.

for any period of time during which the plaintiff caused the delay.

After careful consideration, and for the reasons that follow, we conclude the Superior Court erred in affirming the trial court's refusal to award TruServ interest on the amount owed by MTS.

## II. Discussion

### A. *Service Charge v. Interest*

As a preliminary matter, we address certain issues regarding the terminology used by the parties in the instant case. As part of our task involves the interpretation of the relevant agreements, we note that, when interpreting the language of a contract, this Court's goal is to ascertain the intent of the parties and give it effect. *LJL Transport., Inc. v. Pilot Air Freight Corp.*, 599 Pa. 546, 559, 962 A.2d 639, 647 (2009). When the words of a contract are clear and unambiguous, the intent of the parties must be ascertained from the language employed in the contract, which shall be given its commonly accepted and plain meaning. *Id.*

As noted above, the Retail Member Agreement provides for payment of a 1.5% monthly "service charge" by MTS on its past-due balances. MTS contends this service charge is distinct from interest, and, as a result, if we conclude that TruServ is entitled to interest, it cannot exceed the statutory prejudgment interest rate of 6% per annum. We do not agree. A service charge is defined as, *inter alia*, "charges payable by the buyer and imposed by the seller as an incident to the extension of credit." *Black's Law Dictionary* 1400 (8th ed.1999). Similarly, "interest" is defined as, *inter alia*, "compensation fixed by agreement or allowed by law for the use or detention of money, or for the loss of money by one who is entitled to its use." *Id.* at 829. However, "where a note does not carry interest until after maturity and default, such interest is not a charge for the extension of time for payment, but a charge in event of default in payment." 47 C.J.S. Interest and Usury § 428.

In the instant case, the service charge, as described in the Retail Member Agreement, is not a charge or fee that MTS was required to pay in exchange for its ability to purchase items on credit. Rather, the service charge consisted of a calculated percentage of the *past-due balance balances of accounts.* If MTS paid its balance in full by the date payment was due, no service charge was incurred, and MTS could continue to purchase items on credit. Under these circumstances, we conclude the term "service charge," as used in the Retail Member Agreement, simply means "interest," and we reject MTS' suggestion that the use of the term "service charge" in the Retail Member Agreement precludes TruServ's recovery of interest at a rate greater than the statutory prejudgment interest rate of 6% per annum.

## B. *Types of Interest*

Although at times TruServ has used the terms interchangeably,[7] there is a distinction between "contractual interest" and "prejudgment interest."[8] Where a contract provides for the payment of money and one party breaches the contract by failing to pay, the nonbreaching party may recover interest on the amount owed under the contract in one of two ways.

First, "[i]nterest may be reserved by the terms of the contract between the parties and is then called *conventional or contractual interest.*" *See* 25 *Williston on Contracts* § 66:109 (4th ed.) (emphasis added).

Alternatively, where the parties to a contract have not specifically addressed the payment of interest in the terms of the contract, the nonbreaching party may recover, as damages, interest on the amount due under the contract. *See id.* (citing Restatement (Second) of Contracts § 354). This Court

---

7. For example, in its brief on appeal to the Superior Court, TruServ argued it was entitled to "contractual pre-judgment interest." *See, e.g., Truserv,* 1480 WDA 2008 at 7 (quoting TruServ's Superior Court Brief at 11).

8. *See, e.g.,* 25 C.J.S. Damages § 83 ("There is a distinction between interest awarded by virtue of the terms of a contract and interest awarded by way of damages for breach of the contract, although the recovery in both cases is frequently spoken of as a recovery of interest.").

has referred to interest awarded as damages in such circumstances as *prejudgment interest*. *See Fernandez v. Levin*, 519 Pa. 375, 379, 548 A.2d 1191, 1193 (1988).

The annual contractual rate of interest set forth in the Retail Member Agreement (18%) is higher than the statutory prejudgment interest rate in Pennsylvania (6%); thus, the type of interest, if any, to which TruServ is entitled, will affect the amount of that interest. Accordingly, we must consider these two distinct concepts in further detail, as applied to the case *sub judice*.

### C. *Contractual Interest*

■■■ As noted above, where a party to a contract reserves the right to the payment of interest, that interest is considered conventional or contractual interest. In cases where the contract expressly provides for the payment of interest, or the payment of interest is implied by the nature of the promise, the interest is said to become an integral part of the debt itself, and, therefore, is recoverable as of right under the terms of the contract. *See, e.g.*, Restatement (Second) of Contracts § 354 cmt. a; *Somerset*, 685 A.2d at 148 ("[i]f the parties have agreed on the *payment of interest*, it is payable not as damages but pursuant to a contract duty that is enforceable") (emphasis original); *Philadelphia Housing Auth. v. CedarCrestone, Inc.*, 562 F.Supp.2d 653, 658–59 (E.D.Pa.2008) (noting that, under Pennsylvania law, where parties to a contract agree on the payment of interest, such interest is payable not as damages, but pursuant to a contract duty that is enforceable as is any other such duty, subject to legal restrictions on the rate of interest) (citing *Somerset* ).

■■■ Moreover, it is a well-established principle of contract law that, where the language of a contract is clear and unambiguous, a trial court is required to give effect to that language. *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 557 Pa. 595, 606, 735 A.2d 100, 106 (1999). Indeed, this Court has cautioned that it is not the function of a court to rewrite agreements between parties, and a court must give effect to the clear terms to which the parties have agreed. *Amoco Oil*

*Co. v. Snyder,* 505 Pa. 214, 478 A.2d 795 (1984). Thus, we have no hesitation in concluding that, where the terms of a contract provide for the payment of interest, a court's award of such interest in favor of the prevailing party is not discretionary. Accordingly, because the Retail Member Agreement between TruServ and MTS clearly provided for the payment of interest at a rate of 18% per annum on MTS's past due balances, MTS had a contractual obligation to pay that interest, and the trial court did not have discretion to refuse to include such interest in its award.

Perhaps recognizing that the award of contractual interest was not discretionary, the panel majority of the Superior Court, as noted above, affirmed the trial court's decision on the basis that TruServ failed to take reasonable steps to mitigate its losses. A party who suffers a loss due to a breach of contract generally has a duty to make reasonable efforts to mitigate his losses. *Delliponti v. DeAngelis,* 545 Pa. 434, 443, 681 A.2d 1261, 1265 (1996); *Bafile v. Borough of Muncy,* 527 Pa. 25, 588 A.2d 462 (1991). Moreover, the burden is on the breaching party to show how losses could have been avoided. *Delliponti,* 545 Pa. at 443, 681 A.2d at 1265 (reinstating employee's back pay because borough did not establish that employee failed to mitigate her damages); *Ecksel v. Orleans Constr. Co.,* 360 Pa.Super. 119, 519 A.2d 1021, 1028 (1987) (burden is on the party that breaches a contract to show how further loss could have been avoided through the reasonable efforts of the injured party).

However, "an injured party ... is not obligated to mitigate damages when both it and the liable party have an equal opportunity to reduce damages." *Somerset,* 685 A.2d at 150; *Fiat Motors of North America, Inc. v. Mellon Bank, N.A.,* 827 F.2d 924, 930 (3rd Cir.1987) (applying Pennsylvania law in an action for breach of a letter of credit and holding the duty to mitigate damages "is not applicable where the party whose duty it is primarily to perform a contract has equal opportunity for performance"). Indeed, where it cannot be determined which party was responsible for delay in litigation,

this Court has held equity entitles the nonbreaching party to interest from the breaching party, which had the use of the nonbreaching party's money during the course of the litigation. *Penneys,* 408 Pa. at 280–81, 183 A.2d at 546–47. Similarly, and consistent with this proposition, in *Dox Planks of Northeastern Pa. v. Ohio Farmers Ins. Co.,* 423 Pa.Super. 311, 621 A.2d 132, 136 (1993), the Superior Court affirmed the trial court's holding that a subcontractor was not obligated to mitigate its damages after a contractor's breach of a contract to pay, because the contractor had already received the subcontractor's precast concrete barriers and was using them on a highway project at the time of breach, precluding the subcontractor from taking steps to avoid any loss.

In cases where the payment of interest is an express term of the contract, as in the instant case, some courts have held that the right to recover contractual interest is not subject to mitigation. *See, e.g., Universal Investment Co. v. Sahara Motor Inn, Inc.,* 127 Ariz. 213, 619 P.2d 485 (App. Div. 2 1980) (doctrine of avoidable consequences [9] is not applicable when there is an absolute promise to pay); *Lake Ridge Academy v. Carney,* 66 Ohio St.3d 376, 613 N.E.2d 183, 190 (1993) (where a liquidated damages clause is deemed valid, nonbreaching party does not have a duty to mitigate damages following a breach).

After consideration, we conclude that, to the extent the Superior Court affirmed the trial court's decision on the ground that TruServ failed to take reasonable steps to mitigate its losses, the court erred. Although the Superior Court opined that TruServ could have reduced its losses—i.e., the amount of contractual interest to which it was entitled—by prosecuting its claim in a more expedient fashion, MTS likewise could have reduced the amount of contractual interest to which TruServ was entitled by paying its invoices in a timely manner or by acting affirmatively to settle or bring the lawsuit to a conclusion. We recognize that, in situations involving a breach of contract for the payment of a sum

9. The doctrine of avoidable consequences is another term for the doctrine of mitigation of damages. *See* 47 C.J.S. Damages § 47.

certain, the breaching party could always reduce its obligation for losses incurred by the non-breaching party simply by paying the amount due and performing the contract. Nevertheless, we conclude that a party who breaches a contract containing an express promise to pay interest may not be permitted to reduce or escape entirely his contractual obligation by subsequently arguing that the nonbreaching party did not prosecute its breach of contract claim with dispatch. Thus, to the degree the Superior Court affirmed the trial court's disallowance of contractual interest due to TruServ, based on a finding that TruServ failed to mitigate its losses, we hold that such affirmance was in error.

## D. *Prejudgment Interest*

■ As noted above, even where a party's right to the payment of interest is not specifically addressed by the terms of a contract, a nonbreaching party to a contract may recover, *as damages*, interest on the amount due under the contract; again, this Court refers to such interest as prejudgment interest. The purpose of awarding interest as damages:

> is to compensate an aggrieved party for detention of money rightfully due him or her, and to afford him or her full indemnification or compensation for the wrongful interference with his or her property rights. The allowance of interest as an element of damages is not punitive, but is based on the general assumption that retention of the money benefits the debtor and injures the creditor.

25 C.J.S. Damages, § 80.

Many jurisdictions have enacted statutory provisions for interest as damages. *Id.* at § 82. In 1988, in *Fernandez, supra,* this Court adopted Section 354 of the Restatement (Second) of Contracts as the law of this Commonwealth with respect to the recovery of interest as damages in breach of contract actions. Section 354, titled "Interest As Damages," provides:

> (1) If the breach consists of a failure to pay a definite sum in money or to render a performance with fixed or ascertainable monetary value, interest is recoverable from the

time for performance on the amount due less all deductions to which the party in breach is entitled.

(2) In any other case, such interest may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due.

Restatement (Second) of Contracts § 354. In adopting Section 354, we stated:

> For over a century it has been the law of this Commonwealth that the right to interest upon money owing upon contract is a legal right. *West Republic Mining Co. v. Jones & Laughlins*, 108 Pa. 55 (1885). That right to interest begins at the time payment is withheld after it has been the duty of the debtor to make such payment. *Palmgreen v. Palmer's Garage, Inc.*, 383 Pa. 105, 108, 117 A.2d 721, 722 (1955).

*Fernandez*, 519 Pa. at 379, 548 A.2d at 1193.[10]

■■ With regard to prejudgment interest, we have explained, "[i]nterest has been defined 'to be a compensation allowed to the creditor for delay of payment by the debtor,' and is said to be impliedly due 'whenever a liquidated sum of money is unjustly withheld.'" *School Dist. of City of Carbondale v. Fidelity & Deposit Co. of Maryland*, 346 Pa. 491, 492, 31 A.2d 279, 280 (1943) (citations omitted). However, "as prerequisites to running of prejudgment interest, the debt must have been liquidated with some degree of certainty and the duty to pay it must have become fixed." *Id.* at 493, 31 A.2d at 280; Restatement (Second) of Contracts § 354(1) ("If

---

**10.** This Court previously adopted the Restatement (First) of Contracts § 337(a) (1932) in *Penneys v. Pennsylvania R.R. Co.*, 408 Pa. 276, 183 A.2d 544 (1962). Section 337, which was amended and renumbered as Section 354 in the Second Restatement, was entitled "When Interest is Recoverable As Damages," and provided, in relevant part:

> **If the parties have not by contract determined otherwise,** simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows:
>
> (a) Where the defendant commits a breach of a contract to pay a definite sum of money ... interest is allowed on the amount of the debt or money value from the time performance was due, after making all the deductions to which the defendant may be entitled.

Restatement of Contracts (First) § 337(a) (1932) (emphasis added).

the breach consists of a failure to pay a definite sum of money or to render a performance with fixed or ascertainable monetary value, interest is recoverable.").[11] Thus, even where the terms of a contract do not expressly provide for the payment of interest, a nonbreaching party has a legal right to recover interest, as damages, on a definite sum owed under the contract.

Furthermore, as is the case with an award of contractual interest, an award of prejudgment interest under Section 354(1) is not subject to a court's discretion. *See id.; Dox Planks,* 621 A.2d at 136 (citing *Fernandez,* and holding a successful plaintiff in a contract case is entitled to prejudgment interest at the statutory rate as a matter of right); *Peterson v. Crown Fin. Corp.,* 661 F.2d 287, 293 (3rd Cir.1981) (applying Pennsylvania law and holding that a "court is thus obligated to award 'simple interest at the statutory legal rate' only in those circumstances in which the plaintiff proves that the defendant breached a promise to pay 'a definite sum of money' ").[12]

In addition, we hold that a party's award of interest on a sum certain under Section 354(1) is not subject to reduction based on mitigation principles. Indeed, Section 354 distinguishes between interest due on an obligation to pay a

11. Prejudgment interest, or interest awarded as an element of damages, for breach of a contract to pay money must be fixed by a time specified in the contract, or, if not so specified, by the making of a demand or by the commencement of a suit: "[o]ne cannot be in default in the payment of a debt until the payment is ascertained, or capable of ascertainment, ... hence default, so as to render a party liable for interest, cannot occur unless the sum due is certain." 25 C.J.S. Damages § 82. *But see Spang & Co. v. USX Corp.,* 410 Pa.Super. 254, 599 A.2d 978, 984 (1991) (prejudgment interest is awardable in contract cases as a matter of right, and no exception exists where damages must be determined at trial).

12. *Compare* Restatement (Second) of Contracts § 354(2) (in cases where a breach does not consist of a failure to pay a definite sum of money or render a performance with a fixed or ascertainable value, prejudgment interest "may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due."). Unlike an award of interest pursuant to Subsection 354(1), an award of interest under Subsection 354(2) is within the trial court's discretion.

definite sum, which is recoverable as a matter of right under Subsection 354(1), and interest on losses incurred *as a consequence* of a breach of a promise to pay, which is subject to discretion under Subsection 354(2). *See* Restatement (Second) of Contracts § 354 cmt. d ("Damages for breach of contract include not only the value of the promised performance but also compensation for consequential loss.... In such cases, the award of interest is left to judicial discretion, under the rule stated in Subsection (2).") The same rationale underlying our determination that TruServ's right to recover contractual interest was not subject to mitigation—namely, that a party is not obligated to mitigate damages where both it and the liable party have an equal opportunity to reduce losses—is also applicable with respect to TruServ's right to recover prejudgment interest on a sum certain owed by MTS. Specifically, MTS could have avoided or reduced its obligation to pay prejudgment interest had it paid its outstanding balance when TruServ demanded that MTS bring its account current, or upon TruServ's termination of the Retail Member Agreement. Accordingly, to the extent the lower courts determined that TruServ was not entitled to prejudgment interest because it did not mitigate its losses, the courts erred.

## III.  Conclusion

We hold that TruServ was entitled to recover from MTS interest on MTS's outstanding account balance, and, further, that the mitigation doctrine does not operate to reduce the amount which TruServ is entitled to recover.[13]  Having answered the legal question we accepted for review, we leave it to the trial court, as the finder of fact, to determine what portion of the interest to which TruServ is entitled constitutes contractual interest, which, pursuant to the Retail Member Agreement, accrued at a rate of 18% per annum, and which

13.  The trial court's award in favor of TruServ included interest equal to a 1.5% monthly service charge on MTS' past due account balances, but only as of the date of MTS' last Member Statement, dated June 11, 1999.

portion constitutes prejudgment interest, which accrued at the statutory legal rate of 6%.[14]

Order of the Superior Court reversed. Case remanded to the Superior Court for remand to the trial court. Jurisdiction relinquished.

Justices EAKIN, BAER, McCAFFERY and ORIE MELVIN join the opinion.

Justice SAYLOR files a concurring and dissenting opinion in which Chief Justice CASTILLE joins.

Justice SAYLOR, concurring and dissenting.

I agree with the majority that the service charge served the role of interest while the parties' contract remained extant, *see* Majority Opinion, at 559–562, 39 A.3d at 259–61, and with its position that a mitigation overlay is inconsistent with the manner in which interest is otherwise treated under Pennsylvania law. *See id.* at 564–566, 567–569, 39 A.3d at 262–63, 264–65. I differ, however, with the majority position that contractual interest should be regarded as different in character from prejudgment interest. *See id.* at 561–563, 39 A.3d at 260–61. I also respectfully disagree with the majority's holding that additional fact finding is necessary to determine the interest rate to be applied to the period of time after termination of the Retail Member Agreement. *See id.* at 569, 39 A.3d at 265.

From my reading of the long line of decisions pertaining to the award of interest in breach-of-contract cases, Pennsylvania law incorporates a series of judicial rules which generally favor the award of prejudgment interest where damages are reasonably ascertainable, whether or not the parties to a contract incorporated an interest rate into their agreement. *See W. Republic Mining Co. v. Jones & Laughlins*, 108 Pa. 55,

14. TruServ does not contend that it is entitled to recover both contractual interest and prejudgment interest for the same time period. Indeed, comment (a) to Section 354 provides "[i]f the parties have agreed on the payment of interest, it is payable not as damages but pursuant to a contract duty that is enforceable." Restatement (Second) of Contracts § 354 cmt. a. This language clearly indicates that a party may recover contractual interest or prejudgment interest, but not both for the same time period.

68 (1885) ("The right to interest upon money owing upon contract depends not on discretion, but upon legal right." (citation omitted)); *Pittsburgh Constr. Co. v. Griffith,* 834 A.2d 572, 590–91 (Pa.Super.2003) (collecting cases). *See generally* 10 STANDARD PENNSYLVANIA PRACTICE § 60:74 (2011). These rules include potent subsidiary propositions, such as that prejudgment interest should be awarded by a court even if a jury has failed to do so upon the matter being submitted to it. *See Peyton v. Margiotti,* 398 Pa. 86, 95, 156 A.2d 865, 869–70 (1959).

In this landscape, I do not see any benefit in distinguishing between contractual and prejudgment interest on damages for breach of contract. Rather, in my view, contractual interest is best conceptualized as a subset of prejudgment interest. Contractual interest serves the role of prejudgment interest where it has been made part and parcel of the underlying agreement; whereas a default rule of prejudgment interest is merely supplied by the judicial rules in the absence of contractual prescription.

While the decisional law favors the award of interest, in the interest of fairness, I believe the statutory rate should be applied in the absence of a clear expression of intention, in the parties' written agreements, to specify a higher rate. *See generally* 25 WILLISTON ON CONTRACTS § 66:116 (4th ed.2011) ("Where the contract between the parties makes no provision for interest, if any is allowed, it will normally be given at the statutory or 'legal' rate; and the same is true where the contract ... provides for interest but does not specify the interest rate.").[1] Presently, I do not regard the Retail Member Agreement as clearly extending the eighteen percent rate of interest into the period following its termination.[2] Thus, I would hold that the statutory rate pertains in that time period.

1. Like other bright-line rules, the judicial rules pertaining to interest may not yield the most just outcome in every individual case. It is therefore important that such rules be measured ones.

2. *Compare* Retail Member Agreement at 2 (listing the financial obligations of the Member, which includes paying a monthly one and one-half percent "service charge" on "past due balance accounts," and noting that the Member must immediately pay "all amounts due" upon

Finally, while I am circumspect about depriving fact finders of the ability to engage in an equitable assessment concerning the appropriateness of mitigation, I find the majority's treatment to be entirely consistent with the practice of allowing less flexibility in the interest arena to minimize the difficulties in administration once liability and the underlying damages for breach are determined. *Cf. Stonehedge Square LP v. Movie Merchants, Inc.*, 552 Pa. 412, 417–18, 715 A.2d 1082, 1085 (1998) (explaining, in rejecting a mitigation-of-loss approach for commercial leases, that the "potential for complexity, expense, and delay is unwelcome and would adversely affect the existing schema utilized to finance commercial development"). Notably, the policies favoring interest awards and the disfavor for mitigation gain some additional justification, since the defendant retains the use of the principal monies in question through the date of judgment.

Chief Justice CASTILLE joins this concurring and dissenting opinion.

termination of the contract), *with id.* at 5 (stating that the Company is entitled to the recovery of, *inter alia,* "interest" in the event that it initiates proceedings to recover amounts due by the Member).