**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1996
_____

In re:  NATIONAL MEDICAL IMAGING, LLC,
Debtor


ASHLAND FUNDING LLC,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Nos. 2-14-cv-03968 & 2-14-cv-03969)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 28, 2016
_____

Before: VANASKIE, SHWARTZ, and RESTREPO, *Circuit Judges*

(Filed: May 3, 2016)
_____

OPINION*
_____

VANASKIE, *Circuit Judge.*

Appellant Ashland Funding LLC appeals the District Court's judgment affirming

the Bankruptcy Court's dismissal of Ashland's involuntary bankruptcy petition against

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Appellees National Medical Imaging ("NMI") and National Medical Imaging Holdings ("NMI Holdings"). The District Court concluded that the doctrine of collateral estoppel precluded Ashland from re-litigating issues that the Bankruptcy Court for the Southern District of Florida had previously resolved against Ashland when it dismissed an involuntary petition filed against Maury Rosenberg, the managing member of NMI and NMI Holdings. For the reasons discussed below, we agree that the petition here presents identical issues to those addressed in the Southern District of Florida case, and that Ashland was a participant in those proceedings. Accordingly, we will affirm the judgment of the District Court.

## I.

NMI and NMI Holdings are affiliated with limited partnerships ("NMI LPs") that operate diagnostic imaging centers. The NMI LPs entered into leases with DVI Financial Services, Inc. in order to finance the purchase of their equipment. The leases were secured by a limited guaranty of Maury Rosenberg and an additional guaranty by NMI and NMI Holdings. DVI Financial transferred some of the leases to a related entity, DVI Funding, LLC, and securitized and assigned the remaining leases to other various DVI entities. DVI Funding subsequently entered into a Loan and Security agreement under which it pledged the leases as collateral to investors, with U.S. Bank serving as trustee and DVI Financial acting as servicer. After DVI Financial filed for bankruptcy, it transferred its rights as servicer to Lyon Financial Services, an affiliate of U.S. Bank.

In December 2003, Lyon filed a confession of judgment action against Rosenberg, NMI, and NMI Holdings alleging that the NMI LPs had defaulted on their leases. In

March 2005, several DVI entities, including DVI Funding, filed involuntary bankruptcy petitions against NMI and NMI Holdings. This led to a comprehensive settlement agreement entered into on August 12, 2005 by Rosenberg, NMI, NMI Holdings, and Lyon—which was acting as servicer for DVI Funding and the other DVI entities under their agreements with U.S. Bank and as agent for U.S. Bank. Pursuant to the settlement agreement: (1) the involuntary bankruptcy petitions and confession of judgment actions were dismissed; (2) Lyon restructured the repayment obligations of the NMI LPs and released NMI and NMI Holdings from all claims except those arising from the settlement agreement; (3) Rosenberg executed a new limited guaranty in favor of Lyon in the approximate amount of $7.5 million ("Rosenberg Guaranty"); (4) NMI and NMI Holdings executed a new unconditional guaranty for approximately $15 million ("NMI Guaranty"); and (5) Rosenberg, NMI, and NMI Holdings executed confessions of judgment in favor of Lyon. Effectively, the settlement agreement eliminated the obligations previously owed to the DVI entities by the NMI LPs, which had been guaranteed by NMI and Rosenberg, by consolidating them into a single obligation owed in favor of a single creditor, Lyon, as the agent for U.S. Bank, with NMI and Rosenberg serving as guarantors of the consolidated obligation.

On March 2, 2007, DVI Funding transferred its interests in the leases to Ashland. The interests that Ashland acquired from DVI Funding were subject to the settlement agreement.

In November 2008, DVI Funding—despite having no remaining interests in the leases—and five other DVI entities filed involuntary bankruptcy petitions against NMI,

3

NMI Holdings, and Rosenberg in the Bankruptcy Court for the Eastern District of Pennsylvania. Rosenberg filed a motion to dismiss the first amended involuntary petition and to transfer venue to the Bankruptcy Court for the Southern District of Florida, where Rosenberg resided. The proceedings against Rosenberg were subsequently transferred to that district. The bankruptcy proceedings against NMI and NMI Holdings, however, remained in the Eastern District of Pennsylvania.

A. Rosenberg Bankruptcy Proceedings in Florida

Rosenberg's motion to dismiss remained pending after the transfer of venue and the Bankruptcy Court scheduled a hearing for April 20, 2009. Thereafter, without seeking leave from the Bankruptcy Court, the creditors filed a second amended petition that substituted Ashland as a petitioning creditor in place of DVI Funding. Rosenberg then moved to strike the second amended petition on the ground that it had been filed without leave of court.

After conducting the hearing on the motion to dismiss, which Ashland participated in, the Bankruptcy Court granted Rosenberg's motion to dismiss the first amended petition and denied as moot Rosenberg's motion to strike the second amended petition that substituted Ashland as a petitioning creditor. *See In re Rosenberg*, 414 B.R. 826 (Bankr. S.D. Fla. 2009) (*Rosenberg I*). Despite the fact that Ashland was not listed as a petitioning creditor on the first amended petition, the Bankruptcy Court made three holdings that are relevant here that explicitly addressed Ashland: (1) Ashland was not a creditor of Rosenberg because it was not a beneficiary of the Rosenberg Guaranty, which ran in favor of only Lyon as part of the consolidation of obligations effected by the 2005

4

settlement, *id*. at 840–41; (2) Ashland was not a real party in interest because it and the other DVI petitioners "were nothing more than pass-through entities to facilitate the securitization transactions," *id*. at 842; and (3) Lyon was Rosenberg's only creditor because the settlement agreement constituted a novation that substituted a single obligation to Lyon, as servicer and agent for U.S. Bank, in place of Rosenberg's previous obligations to the DVI entities, including DVI Funding, Ashland's predecessor-in-interest, *id*. at 844.[1]  In other words, neither Ashland nor the DVI entities had any right to assert claims against Rosenberg based on his guaranty; that right belonged solely to Lyon.

Ashland and the other petitioning creditors collectively moved for rehearing, and when that proved unsuccessful, filed a notice of appeal to the District Court for the Southern District of Florida.  On September 27, 2011, the District Court affirmed the Bankruptcy Court's holdings that Ashland was not a creditor of Rosenberg, was not a real party in interest, and the 2005 settlement agreement constituted a novation that replaced Rosenberg's previous obligation to the DVI entities with a single obligation to Lyon, as servicer and agent to the trustee, U.S. Bank.  *See DVI Receivables, XIV, LLC v. Rosenberg*, No. 10-CIV-24347 (S.D. Fla. Sept. 27, 2011) (*Rosenberg II*).  The District Court concluded:

---

[1]  The Bankruptcy Court made one other finding that explicitly concerned Ashland.  It found that the claims of Ashland and the DVI entities were contingent and subject to a bona fide dispute such that they did not have standing under 11 U.S.C. § 303(b) to file a petition for involuntary bankruptcy against Rosenberg.  *Id.* at 844–47.

> Ultimately, what this appeal comes down to is the fact that the petitioning creditors are nothing more than pass-through entities created for a limited purpose to complete a series of complex securitization transactions. They have no pecuniary interest, they do not receive any cash flow from the Master Leases, and they assigned all rights they may have had to the Trustee.

(App. 530.)  The Eleventh Circuit issued a *per curiam* opinion affirming *Rosenberg II* in full on July 6, 2012.  *See In re Rosenberg*, 472 F. App'x 890 (11th Cir. 2012) (*Rosenberg III*).[2]

B.  NMI Bankruptcy Proceedings in the Eastern District of Pennsylvania

After *Rosenberg I* was issued, the Bankruptcy Court for the Eastern District of Pennsylvania dismissed the petitions against NMI and NMI Holdings, concluding that the real party in interest and novation holdings of *Rosenberg I* should be given collateral estoppel effect.  After *Rosenberg II* and *III* affirmed these holdings, the Bankruptcy Court denied the motions for reconsideration filed on behalf of the DVI entities and Ashland. The petitioning creditors, including Ashland, then filed notices of appeal to the District Court for the Eastern District of Pennsylvania.

Concluding that the issues presented by the NMI guaranty were identical to the issues adjudicated in *Rosenberg I* and *II*, the District Court affirmed the Bankruptcy

---

[2] While the appeal to the Eleventh Circuit was pending, Rosenberg pursued a sanctions claim against the petitioning creditors, including Ashland, in a separate adversary proceeding pursuant to 11 U.S.C. § 303(i).  On March 26, 2012, the Florida Bankruptcy Court entered an order holding that § 303(i) was only applicable against petitioning creditors who had their involuntary petitions dismissed by the Bankruptcy Court.  Accordingly, the Bankruptcy Court dismissed Ashland as a party to the adversary proceeding because Ashland was not listed as a petitioning creditor on the petition the Bankruptcy Court dismissed.

6

Court's dismissal of the involuntary petitions against NMI and NMI Holdings under the doctrine of collateral estoppel. Specifically, it concluded that, like the Rosenberg guaranty, the "NMI guaranty creates an obligation only to Lyon." (App. 28.) Thus, the DVI entities and Ashland lacked standing to present involuntary bankruptcy petitions against NMI and NMI Holdings. In holding that Ashland was bound by the Florida judgment, the District Court rejected Ashland's contention that it had not been a party to the Florida proceedings. This timely appeal followed.[3]

## II.

The Bankruptcy Court had jurisdiction under 28 U.S.C. § 1334. The District Court had jurisdiction to review the final order of the Bankruptcy Court under 28 U.S.C. § 158(a). We have appellate jurisdiction over the District Court's final order under 28 U.S.C. § 158(d) and § 1291. We exercise plenary review over the District Court's determinations "[b]ecause the District Court sat as an appellate court, reviewing an order of the Bankruptcy Court." *In re Bocchino*, 794 F.3d 376, 379 (3d Cir. 2015) (internal quotation marks omitted). Therefore, we review legal determinations *de novo* and factual determinations for clear error. *Id.* at 380.

## A.

Collateral estoppel, or issue preclusion, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v.*

---

[3] Both the DVI entities and Ashland appealed. The DVI entities, however, voluntarily dismissed their appeal, leaving Ashland as the only remaining Appellant.

*Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted). In order for collateral estoppel to apply, the following four elements must be satisfied: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 247–48 (3d Cir. 2010) (quoting *Szehinskyj v. Att'y Gen.*, 432 F.3d 253, 255 (3d Cir. 2005)). Here, Ashland contends that it was not fully represented in the Rosenberg bankruptcy proceedings because it was not a party to those proceedings or in privity with a party. Additionally, Ashland asserts that the issues are not identical because the Rosenberg bankruptcy proceedings centered on the Rosenberg Guaranty, whereas these proceedings focus on the NMI Guaranty. Therefore, Ashland argues that the District Court erred in giving collateral estoppel effect to the real party in interest and novation holdings from *Rosenberg I* and *II*.

B.

In order to be considered a party for collateral estoppel purposes, "a person must be subjected to the jurisdiction of the court by being served, appearing in court, or participating in the litigation." *Kunkel's Estate v. United States*, 689 F.2d 408, 421 (3d Cir. 1982). Collateral estoppel will also apply to a person who is not a formal party to the litigation, if such person had "the opportunity to present proofs and argument" in the previous litigation. *Taylor*, 553 U.S. at 895 (quoting Restatement (Second) of Judgments § 39, cmt. a (1980)). Additionally, collateral estoppel will apply to a nonparty to a prior suit "when the nonparty is in privity with someone who was a party to the prior suit."

8

*Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir. 2009); *see also Taylor*, 553 U.S. at 894.

Ashland contends that it was not a party to the Rosenberg bankruptcy proceedings because it was not listed as a petitioning creditor on the first amended involuntary petition that *Rosenberg I* dismissed. The District Court disagreed and concluded that Ashland was a party to both *Rosenberg I* and *II*.[4] As the District Court explained:

> During the Rosenberg bankruptcy proceedings, it is clear that Ashland had the opportunity to be heard on the merits of its claims and that all parties, including Ashland, proceeded on the understanding that Ashland was a party to *Rosenberg I*. Counsel appeared and argued on Ashland's behalf and Rosenberg's counsel responded to Ashland's claims. Upon consideration of Ashland's claims and Rosenberg's responses, *Rosenberg I* made detailed rulings on the merits of Ashland's claims. Ashland then had the opportunity to re-litigate the merits of its claims by moving for re-hearing and filing a notice of appeal. In sum, Ashland had its day in court in the Florida Bankruptcy Court and is bound by *Rosenberg I*.

(App. 20.)

We concur with the District Court's analysis. In the *Rosenberg I* proceedings, Ashland retained counsel who appeared at the hearing on the motion to dismiss and made arguments on Ashland's behalf. The Bankruptcy Court subsequently reached holdings regarding Ashland that were supported by detailed analyses. *See Rosenberg I*, 414 B.R.

---

[4] Ashland did not file a notice of appeal of *Rosenberg II* to the Eleventh Circuit. Nonetheless, the finality of a lower court's judgment for collateral estoppel purposes cannot be defeated by electing to forgo an appeal. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950) ("Concededly the judgment in the first suit would be binding in the subsequent ones if an appeal, though available, had not been taken or perfected."); *see also* 18A Charles Alan Wright et al., *Federal Practice & Procedure* § 4433 (1981) ("[P]reclusion cannot be defeated by electing to forgo an available opportunity to appeal.").

9

at 840–44.  Following this ruling, Ashland moved for reconsideration and, following a

denial of that motion, filed a notice of appeal to the District Court for the Southern

District of Florida.  The District Court in *Rosenberg II*, which affirmed the two holdings

at issue here, explicitly stated that Ashland was a party to the appeal.  (App. 520.)

It is clear that in both *Rosenberg I* and *II* Ashland appeared in court, participated

in the litigation, and had the opportunity to present proofs and argument.  *See Taylor*, 553

U.S. at 895; *Kunkel's Estate*, 689 F.2d at 421.  Because Ashland was a party fully

represented in the Rosenberg bankruptcy proceedings, we need not reach the question of

whether Ashland was in privity with a party to those proceedings.[5]

C.

Issues are identical for collateral estoppel purposes where "the issues presented by

[the current] litigation are in substance the same as those resolved" in the previous

litigation.  *Montana v. United States*, 440 U.S. 147, 155 (1979).  In other words, "identity

of issue is established by showing that the same general legal rules govern both cases and

that the facts of both cases are indistinguishable as measured by those rules."  *Suppan v.

Dadonna*, 203 F.3d 228, 233 (3d Cir. 2000) (quoting 18 Charles Alan Wright et al.,

*Federal Practice & Procedure* § 4425 (1981)).  Accordingly, the facts of the two cases

do not need to be identical so long as any factual differences have no "legal significance"

---

[5] We also reject, as did the District Court, Ashland's contention that the Florida
Bankruptcy Court's dismissal of Rosenberg's § 303(i) sanction claim against Ashland
proves that Ashland was not a party to the Rosenberg bankruptcy proceedings.  As
explained above, although Ashland may not have been listed as a petitioning creditor on
the first amended involuntary petition, Ashland appeared in court, participated in the
litigation, had the opportunity to present proofs and arguments, and was a party to
*Rosenberg II*.  *See Taylor*, 553 U.S. at 895; *Kunkel's Estate*, 689 F.2d at 421.

in "resolving the issues presented in both cases." *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 172 (1984).

Ashland argues that the identity of issues element is not satisfied here because the real party in interest and novation holdings of *Rosenberg I* and *II* were based on the fact that the Rosenberg Guaranty created an obligation to Lyon. Ashland maintains that this bankruptcy proceeding is based, not on the Rosenberg Guaranty, but on the NMI Guaranty. According to Ashland, the NMI Guaranty creates an obligation to Ashland, making the difference between the two guaranties material and of "legal significance."

The interpretation of the NMI Guaranty is governed by Pennsylvania law due to a choice of law clause. Under Pennsylvania law, "as a general matter, interpretation of a written agreement is a task to be performed by the court rather than a jury." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 587 (3d Cir. 2009) (citing *Gonzalez v. U.S. Steel Corp.*, 398 A.2d 1378, 1385 (Pa. 1979)). "[W]hen interpreting the language of a contract, th[e] Court's goal is to ascertain the intent of the parties and give it effect." *TruServ Corp. v. Morgan's Tool & Supply Co.*, 39 A.3d 253, 260 (Pa. 2012). To determine the intent of the parties, "a writing must be interpreted as a whole, giving effect to all its provisions." *Atl. Richfield Co. v. Razumic*, 390 A.2d 736, 739 (Pa. 1978); *see also Lesko v. Frankford Hosp.-Bucks Cty.*, 15 A.3d 337, 342 (Pa. 2011).

Ashland's argument is premised on a textual difference between Section 2 of the Rosenberg and NMI Guaranties. In the Rosenberg Guaranty, Section 2 states that the Guarantor "guarantees the full and prompt payment when due . . . the sums identified as the 'Guaranteed Amount' for each Modified Lease on the attached Exhibit 'A' *to*

11

*[Lyon]*." (App. 191.) (emphasis added.) Conversely, the NMI Guaranty states that the Guarantors "guarantee the full and prompt payment when due . . . the sums identified as the 'Guaranteed Amount' for each Modified Lease on the attached Schedule 'A' *due by the respective Lessee in favor of the respective Lessor*." (App. 197.) (emphasis added.) Ashland contends that this difference evidences an intent to create a different beneficiary in the NMI Guaranty. Ashland maintains that as successor in interest to DVI Funding, which is a named Lessor, it is an intended beneficiary under the NMI Guaranty.

We disagree. Instead, we conclude, as did the District Court, that the parties intended the NMI Guaranty to create an obligation to Lyon that was identical in all material respects to the Rosenberg Guaranty. Notably, the Rosenberg Guaranty is a limited guaranty under which Rosenberg guaranteed a limited, specific amount. On the other hand, the amount owed under the NMI Guaranty is measured in terms of the remaining obligations the NMI LPs owed its lessors on the amortized leases. Section 2 in each guaranty relates to payment of the "sums" due to Lyon and, therefore the textual difference Ashland relies upon in Section 2 appears to be caused by the different methods of calculating the amount owed under each guaranty. It does not, however, signify an intent to create different beneficiaries of the NMI and Rosenberg Guaranties.

Moreover, when each guaranty is viewed in its entirety and in the context of the 2005 settlement agreement, it becomes clear that the parties intended both the Rosenberg Guaranty and the NMI Guaranty to owe an obligation only to Lyon. First, the majority of the wording in the NMI and Rosenberg Guaranties is identical, with only small grammatical differences caused by the fact that the NMI Guaranty has two guarantors

12

while the Rosenberg Guaranty has one. Second, identical sections in both guaranties grant Lyon the sole power to demand payment of the guaranty, establish that Lyon is the party who will receive all payments under the guaranty, and grant Lyon the sole power to release, waive, or compromise any obligation owed under each guaranty. Finally, each guaranty contains an identical provision providing that the guarantors shall execute a confession of judgment in "the amount owed the Agent," *i.e.*, Lyon. (App. 194, 200.)

Because both the Rosenberg Guaranty and the NMI Guaranty create an obligation only to Lyon, the slight difference in verbiage upon which Ashland relies is immaterial and of no "legal significance." Accordingly, the issues in this proceeding are identical to issues litigated in *Rosenberg I* and *II*, and the District Court correctly gave collateral estoppel effect to the real party in interest and novation holdings from those proceedings.[6]

III.

For the forgoing reasons, we will affirm the District Court's judgment of March 25, 2015.

---

[6] Ashland also raised the argument that the novation holding should not be given collateral estoppel effect because *Rosenberg II* did not reach this holding. We concur with the District Court, however, that Ashland waived this argument by not raising it before the Bankruptcy Court for the Eastern District of Pennsylvania. *See In re Kaiser Grp. Int'l Inc.*, 399 F.3d 558, 565 (3d Cir. 2005) ("[W]hen a party fails to raise an issue in the bankruptcy court, the issue is waived and may not be considered by the district court on appeal."). In any event, Ashland's argument is without merit because *Rosenberg II* did affirm the novation holding of *Rosenberg I*. *See* App. 527. ("This Court believes the Bankruptcy Court was thorough, fair, and correct as to all but one discrete issue[, relating to the contingent nature of the claim.]"); App. 531 ("[T]his Court affirms the decision on *three grounds* . . . .") (emphasis added).

13