Thomas J. Greco, a/k/a Thom Greco and : 
Greco Holdings, Inc. and Phoenix : 
Estates, : 
             Appellants : 
            : 
         v. : 
            : 
Luzerne County d/b/a Luzerne County : 
Workforce Investment Development :   No. 1678 C.D. 2019 
Agency :   Submitted: November 12, 2020 


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge 
               HONORABLE ANNE E. COVEY, Judge 
               HONORABLE J. ANDREW CROMPTON, Judge 


OPINION NOT REPORTED

MEMORANDUM OPINION BY 
JUDGE COVEY                           FILED:  December 8, 2020

        Thomas J. Greco, a/k/a Thom Greco and Greco Holdings, Inc. and Phoenix Estates (collectively, Appellants) appeal from the Luzerne County Common Pleas Court's (trial court) June 17, 2019 order denying Appellants' Motion for Reconsideration (Motion). There are two issues before this Court: (1) whether the trial court's June 17, 2019 order is an appealable order; and (2) whether the trial court erred by denying Appellants' Motion. After review, we quash the appeal.

        On May 8, 2017, Appellants filed a Complaint against Luzerne County d/b/a Luzerne County Workforce Investment Development Agency (Appellee) alleging therein a breach of contract related to a rental agreement. The trial court bifurcated the liability and damages issues. Initially, the issue before the trial court was whether there was a legally enforceable agreement. On February 28, 2019, after a non-jury trial, the trial court determined there was a legally enforceable agreement

and Appellants were justified in relying on the actions/non-actions of Appellee, and set a date for a non-jury trial on damages. By May 16, 2019 order, having determined there was $23,205.09 in damages, the trial court directed the parties to submit their respective calculations of the legally required prejudgment interest and the basis therefor within 10 days of receipt of its order.

Thereafter, Appellants filed their Motion. On June 17, 2019, the trial court denied Appellants' Motion and directed the parties to submit their respective proposed interest calculations as previously ordered. On July 1, 2019, Appellants appealed from the trial court's order to the Pennsylvania Superior Court. By October 23, 2019 order, the Pennsylvania Superior Court transferred the matter to this Court. By January 6, 2020 order, this Court directed the parties to address the appealability of the trial court's June 17, 2019 order in their principal briefs on the merits or other appropriate motion.[1]

"As a general rule, an appellate court's jurisdiction extends only to review of final orders." *Rae v. Pa. Funeral Dirs. Ass'n*, 977 A.2d 1121, 1124-25 (Pa. 2009). Pennsylvania Rule of Appellate Procedure 341(a) provides that "an appeal may be taken as of right from any final order of a . . . trial court." Pa.R.A.P. 341(a). "A final order is any order that . . . disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b).

> The final order rule
>
>> serves to maintain the appropriate relationship between the [trial courts] and appellate courts . . . by ensuring that [trial judges'] [] determination[s] [are] not subject to the immediate review of an appellate tribunal. . . . The consolidation of all contested rulings into a single appeal provides the [appellate] courts with an opportunity, furthermore, to consider

---

[1] Appellants failed to address the appealability issue in their brief, and neither party filed any motion.

> a trial judge's actions in light of the entire proceedings below, thereby enhancing the likelihood of sound appellate review.

*Rae*, 977 A.2d at 1125 (quoting Riyaz A. Kanji, *The Proper Scope of Pendent Appellate Jurisdiction in the Collateral Order Context*, 100 Yale L. J. 511, 512-13 (1990)).

Here, the trial court bifurcated the matter to dispose of liability and damages separately. After deciding those issues, the trial court required the parties to submit their prejudgment interest calculations and supporting reasons before disposing of the remaining prejudgment interest issue. Because prejudgment interest is part of the damage award, *TruServ Corp. v. Morgan's Tool & Supply Co., Inc.*, 39 A.3d 253 (Pa. 2012), and the trial court's determination regarding the prejudgment interest is outstanding, the June 17, 2019 order did not dispose of all claims in this matter. Accordingly, the June 17, 2019 order is not a final, appealable order.[2]

For all of the above reasons, the instant appeal is quashed.

_____
ANNE E. COVEY, Judge

---

[2] Based on the Court's disposition, it does not consider the second issue.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas J. Greco, a/k/a Thom Greco and : 
Greco Holdings, Inc. and Phoenix : 
Estates, : 
                   Appellants : 
                         : 
          v. : 
                         : 
Luzerne County d/b/a Luzerne County : 
Workforce Investment Development :     No. 1678 C.D. 2019
Agency : 

## O R D E R

AND NOW, this 8th day of December, 2020, Thomas J. Greco, a/k/a Thom Greco and Greco Holdings, Inc. and Phoenix Estates' appeal from the Luzerne County Common Pleas Court's June 17, 2019 order is QUASHED.

_____
ANNE E. COVEY, Judge